### BECKNELL et al. v. STATE ex rel. McRILEY.

No. 8526—Opinion Filed April 9, 1918.

Rehearing Denied July 2, 1918.

(172 Pac. 1094.)

(Syllabus.)

1. **Mandamus—Elections—Voting Precincts—Formation.**

It is the duty of the county election board to create, alter, or discontinue voting precincts so that no precinct shall contain more than 200 voters, unless in extreme cases of

necessity; and, in case of failure to perform this duty, any qualified elector of the county may require a performance thereof by writ of mandamus.

**2. Same.**

Where between 450 and 500 qualified electors reside within a precinct, which precinct is eight miles long and from six to nine miles wide, and the polling place therein is located on the west line thereof, and there is situated near the east side of said precinct an incorporated town in which reside 208 qualified electors, and with 90 per cent. of the electors residing within said precinct residing nearer said incorporated town than near the polling place, and where the county election board have failed, neglected, and refused to divide said precinct as required by law, mandamus will issue to compel performance of this duty.

**3. Same.**

The county · election board is vested by statute with discretion as to the boundaries of the precincts created by them, and the judgment of the trial court, ordering that certain boundaries be established, is modified so as to leave the boundaries of the proposed district to the discretion of the county election board.

Error from District Court, Okfuskee County; Geo. C. Crump, Judge.

Mandamus by the State, on the relation of J. H. McRiley, against C. H. Becknell and others, to create election precincts. A peremptory writ was awarded relator, and defendants bring error. Modified and affirmed.

T. S. Hurst, Co. Atty. (W. A. Huser and Tom Hazelwood, of counsel), for plaintiffs in error.

Wm. S. Peters, for defendant in error.

HARDY, J. The state, upon the relation of J. H. McRiley instituted an action in the district court of Okfuskee county against C. H. Becknell, C. F. Jordan, and M. H. Castleberry as members of the county election board of Okfuskee county, wherein they prayed a writ of mandamus, requiring defendants to create one or more election precincts within the boundaries of the incorporated town of Boley, and to locate in such precincts when created suitable polling places, and to appoint from the qualified electors residing therein the requisite precinct election officials. An alternative writ was issued and served upon defendants, who filed answer. After both sides announced ready for trial, defendants objected to the introduction of any evidence, for the reason that plaintiff's motion for the writ and the alternative writ failed to state facts sufficient to consitute a cause of action in favor of plaintiff and against the defendants. At the close of plaintiff's evidence a demurrer was interposed thereto, which was by the court overruled. The court found the issues in favor of relator, and awarded a peremptory writ as prayed, directing defendants to establish a voting precinct, and prescribing the boundaries thereof.

The contention of plaintiffs in error is that upon the pleadings and the evidence plaintiff was not entitled to the relief sought, Section 3067, Rev. Laws 1910, governing the establishment of voting precincts, makes it the duty of the county election board to create, alter, or discontinue voting precincts, and requires the secretary of said board to keep in a bound book a complete record of each precinct and any change made in the boundary thereof, with the name of the voting places and the number of votes cast therein, and it is provided:

"But one voting place shall be allowed in a precinct, and no precinct shall contain more than two hundred voters. unless in extreme cases of necessity."

And it is made the duty of the election inspector, in case 250 votes or more shall be cast at any election in any one precinct, to report the same to the county election board, who shall forthwith divide such precincts as equally as possible, so that the new precincts formed shall each contain no more than 200 electors, and the county election board is given the authority to change the boundaries of any precinct within the county or divide any precinct into two or more precincts, or consolidate two or more precincts into one or change any place of holding elections when public convenience or public good may require it; and, in the event of the failure of such board to perform any of the duties enjoined upon it by said section, the right is conferred upon any qualified elector of the county to compel a performance of such duty by writ of mandamus. Section 24, c. 157, Session Laws 1913, provides:

"* * * It shall be the duty of the various county election boards to create, alter, divide or discontinue voting precincts, as in their judgment is best and proper under the limitations of the number of voters new provided by law for each precinct. * * *"

Plaintiffs in error contend that under these provisions of the statute the creation, alteration, division, or discontinuance of voting precincts is discretionary with the county election board, subject to two limitations: First, that voting precincts must not cross the boundary line of congressional, commissioners, or legislative districts as prohibited by said section 24, c. 157, Laws

1913; and second, when 250 or more votes are cast in any one precinct in any election and that fact is reported to the county board by the inspector of the election, it is the duty of the board to forthwith divide such precinct so that the new precincts formed shall not contain more than 200 electors each; and, taking this as a premise, they argue that the discretion of the county election board is not subject to control by the writ of mandamus, because it is not alleged, nor made to appear, that more than 250 electors have voted in said precinct at any election.

The motion and alternative writ alleged that said precinct contains 450 or 500 qualified electors, approximately 90 per cent. of whom are negroes, and that only about 1 per cent. of the negro electors residing in said precinct voted in the general election held in November, 1914, the remainder having been denied the right to vote on account of the enforcement of section 4A, art. 13, of the Constitution of this state, commonly called the "Grandfather Clause," and that if said section had not been enforced in said election there would have been as many as 500 votes cast therein.

The evidence introduced on behalf of plaintiff is, in substance, that the town of Boley contains an exclusive negro population, with a heavy negro population surrounding the town; that the town is located in Paden precinct No. 1, the voting place of which is in the town of Paden, about six miles distant from Boley; that about 80 or 90 per cent. of the electors in said precinct are negroes, and that only about 10 per cent. of said electors live nearer Paden than the town of Boley; that the town of Boley is incorporated, and the electors residing therein have been voting in municipal elections since 1910. Said precinct is about eight miles long east and west, and about six to nine miles across, north and south; and there are about 450 or 500 legal voters residing therein; that at the primary election in the town of Boley in 1915 there were 208 votes cast; about 40 electors live upon additions to the town which were not included in the poll; that the taxable value of the property within said town is $600,-000, and said town has a bonded indebtedness of $48,000 incurred for schools and a water system; there are two schools each containing several hundred pupils; a third class post office, six lawyers, several doctors, preachers, and professional men; that Boley is much larger than Paden, and is about as large as any other town in the county; that it is very inconvenient for the

electors in and around Boley to go to Paden to vote; that the polling place for them is within the town of Paden, and is within 300 yards of the polling place of Paden's regular precinct, and that not more than three or four persons residing in Paden live in the precinct in question, that five persons is the greatest number which has been permitted to vote in said precinct at any one election; and that if a precinct is established in Boley the election laws will be enforced.

If the contention of plaintiffs in error be true that the election officials are vested with discretion as to whether they shall establish voting precincts except in the contingency that more than 250 electors have voted in any one election, and the only proof of this fact must be the certificate of the election inspector, then the trial court was wrong in awarding the peremptory writ. We do not entertain this view. Section 3067, Rev. Laws 1910, makes it the duty of the county election board to create, alter, or discontinue voting precincts, and contains a positive provision that no precinct shall contain more than 200 voters unless in extreme cases of necessity, and gives any elector the right to compel performance of any duty imposed upon the board by writ of mandamus. Under this section the only excuse for not creating one or more election precincts within the town of Boley would be extreme necessity that such be not done, and this necessity is not made to appear. While it is made the duty of the inspector to certify to the election board the fact that 250 votes or more have been cast in any election, and it is then made the duty of the election board to divide such precinct as equally as possible, this is not the sole evidence of the necessity for dividing the existing precincts, for, if it were, by refusing to let qualified electors cast their ballots election officials could forever prevent the establishment of necessary precincts, and while they are vested with some measure of discretion in determining when this condition arises, yet in the same section the duty to divide the precinct is conclusively made to exist when 200 voters reside therein, unless in cases of extreme necessity.

From the record before us it appears that between 450 and 500 qualified electors reside within the precinct, and as many as 208 have cast their ballot in municipal elections held in the town of Boley, and as many as 40 more legal voters reside upon additions to the town. Outside of and adjacent to the town is a heavy negro population. A map of Okfuskee county is in the record and it

appears that at all the other incorporated towns in the county, except Clearview, which is another exclusive negro town, precincts have been established and polling places located within said towns. Some of these towns where the population is exclusively white are less than half the size of Boley. The extreme west line of the precinct embracing the town of Boley runs through the town of Paden, and it appears that as much as 90 per cent. of the population within the precinct reside within and nearer the town of Boley than to the town of Paden, and not more than three or four persons entitled to vote in said precinct reside within the limits of Paden.

These facts show a clear case where the public convenience and necessity require that the precinct should be divided and one or more precincts established subject to the limitation that not more than 200 legal voters should be contained therein.

There is no extreme necessity which requires the maintenance of the precinct lines as now established, and we are satisfied, as contended by defendant in error, that the precinct was established on the theory that by reason of section 4A, art. 3, of the Constitution the persons residing within said district were not qualified voters. Since this section of the state Constitution has been stricken down by the Supreme Court of the United States (Quinn et al. v. United States, 238 U. S. 347, 35 Sup. Ct. 926, 59 L. Ed. 1340, L. R. A. 1916A, 1124), there should be a readjustment of the precinct lines to conform to the changed conditions and so as to conduce as far as possible to the public convenience and necessity.

The county election board is vested by statute with discretion as to the boundaries of the precincts to be created by them, and the judgment of the trial court is modified in so far as same prescribes the limits of the precincts ordered to be created, leaving the boundaries thereof to be determined by the county election board, and, as so modified, is affirmed.

All the Justices concur, except TURNER, J., absent.