## CITY OF ALVA et al. v. MASON et al.

No. 21487. Opinion Filed June 23, 1931.

E. W. Snoddy, City Atty., A. J. Stevens, and L. Z. Lasley, for plaintiffs in error.

Mauntel & Spellman, W. L. Houts, J. J. Glaser, R. M. Chase, and Hadwiger & Hadwiger, for defendants in error.

ANDREWS, J. This is an appeal from the judgment of the district court of Woods county, granting a permanent injunction in an action brought by certain taxpayers against the city of Alva and its mayor, city council, and city treasurer to restrain them

from carrying out a contract to purchase property known as the Lena Nickel residence to be converted into a city hospital, and to restrain the city treasurer from registering and paying a certain city warrant issued in payment therefor. The parties will be referred to as they appeared in the trial court.

The record shows that the city council passed an ordinance authorizing the mayor to call an election for the purpose of voting on the proposition of the issuance of bonds by the city of Alva to provide funds for the erection of a city hospital. An election was called and a proposition was voted upon. A majority voted at the election in favor of the issuance of the bonds, and the bonds were duly issued, approved, and sold. There is no question presented here as to the validity of the bonds.

Thereafter, the city council, at a regular meeting, adopted a resolution selecting a site known as the "Reid" property, for the construction of a hospital, and directed an architect to prepare plans and specifications for the erection of a hospital upon that site. Plans and specifications were submitted to the city council. Thereafter a resolution was adopted by the council for the purchase of what is known as the "Nickel" property, with the buildings thereon, and the city clerk was directed to issue a warrant against the funds of the city of Alva for the amount of the agreed purchase price, to wit, $35,000, and deliver the same to Lena Nickel.

The warrant was prepared for delivery to the defendant, Lena Nickel, when the plaintiffs brought an injunction proceeding in the district court to prevent the registration and delivery of said warrant and all other proceedings toward the purchase and use of the Nickel property as a city hospital. A temporary order was made. The defendants filed their answers to the plaintiffs' petition. Upon the trial a permanent injunction was granted, from which judgment the defendants appealed to this court. The defendants present eight assignments of error upon which a reversal of the judgment is asked.

Whether the preliminary order of the trial court was a restraining order, as it was sometimes called, or a temporary injunction, as it was sometimes called, is now immaterial. The action was brought for the purpose of procuring a permanent injunction, and, after a trial upon the merits, a permanent injunction was granted. The journal entry of judgment shows that that was the purpose of the trial court, and the parties hereto so treated the order. While the journal entry might have been worded in language somewhat more clear, it is apparent to us that the order amounted to a permanent injunction after the trial of the issues upon the merits. No appeal was taken from the temporary order, and, though there had been error in the making of the temporary order, it was not such error as would justify this court in vacating an order granting a permanent injunction after a trial upon the merits. A permanent injunction could have been granted after a trial upon the merits although no temporary order had been made. The cause comes to this court after a final order made after a trial upon the merits, and this court will consider herein only the question of whether a permanent injunction should have been granted.

The record shows the facts to be within the rule stated by this court in Allison v. Massey, 108 Okla. 140, 235 Pac. 192, wherein this court said:

"Appellant suggests by his assignments the alleged failure to execute an injunction bond by plaintiff, in accordance with section 415, Comp. Stats. 1921, and that the judgment of the court was in error because of the failure of the plaintiff therein to comply with said section. No argument is made and no authorities are cited on this question. The judgment of the trial court, from which this appeal is taken, is that a permanent injunction be granted as prayed by the plaintiff. Said section 415, Comp. Stats. 1921, provides the condition of the same becoming operative. The provisions of said section 415 are prerequisite to the injunction becoming operative, but appellant treated the judgment as effective, and neither argument is made, nor authorities cited, to indicate that a judgment so treated by appellant, and to reverse which on the merits the appeal is clearly taken, should be disturbed on the ground assigned. It is here treated as waived."

Section 415, C. O. S. 1921, requires such bond as shall be fixed by the court or judge allowing the injunction. Here the injunction was allowed by the court and the court did not fix the amount of the injunction bond. The record shows no request on the part of the defendants for the fixing of the amount of any such bond, and no exceptions were taken thereto.

The proposition authorized by the ordinance to be submitted to the qualified property taxpaying voters of the city was as follows:

"Shall the city of Alva, Woods county, state of Oklahoma, incur an indebtedness by issuing its negotiable coupon bonds in the sum of $50,000 to provide funds for the purpose of purchasing a site and constructing a city hospital. * * *"

That proposition was not submitted to the

voters. The election proclamation and the ballot stated the proposition to be as follows:

"Shall the city of Alva, Woods county, state of Oklahoma, incur an indebtedness by issuing its negotiable coupon bonds in the sum $50,000 to provide funds for the purchase of a site for and the construction of a new city hospital. * * *"

It will be observed that the material differences in the language used are the inclusion of the word "for" after the word "site" and the word "new" before the words "city hospital." The inclusion of those words materially changed the meaning, and it is apparent that the election proclamation and the ballot informed the voters that they were asked to authorize the incurring of an indebtedness "for the purchase of a site for and the construction of a new city hospital." The power to become indebted is dependent upon the purpose for which the funds derived therefrom are to be used. Section 27, art. 10, of the Constitution. Section 4392, C. O. S. 1921, provides:

"* * * The mayor or the president of the board of trustees shall thereupon issue a proclamation calling such election and shall set forth therein the proposition or propositions to be voted on at such election. * * *"

Under the provisions of section 27, art. 10, supra, the proposition submitted to the voters may be "for the purpose of purchasing or constructing public utilities, or for repairing the same." While the proposition submitted to the qualified property taxpaying voters of the city of Alva might have been for the purpose of purchasing or constructing a city hospital, or for repairing the same, the city officials of the city of Alva, in the exercise of their discretion, submitted a proposition for the purchase of a site for and the construction of a new city hospital; or, in other words, those city officers elected to proceed in accordance with the provisions of section 27, art. 10, Id., for the construction of a public utility. While the city officials had discretion as to the form of proposition to be submitted to the voters for their approval, not inconsistent with the provisions of section 27, art. 10, Id., their discretion thereon ended with the submission of that proposition to the voters. The proposition was placed upon the ballot for the purpose of informing each voter of the amount of indebtedness to be incurred and the purpose for which the funds derived therefrom were to be expended, and in order that each voter might be permitted to say whether or not an indebtedness should be incurred for that purpose. The municipal officers asked the voters for authority to incur an indebtedness for a certain purpose. The voters authorized the incurring of the indebtedness for that purpose and for that purpose only. Thereafter the discretion of the city officials was limited to securing a site for and constructing thereon a new city hospital. The failure to use the funds acquired pursuant to that authority for the purpose of acquiring a site by purchase for and constructing a new city hospital thereon, and the attempt to use those funds for other purposes was a plain violation of the conditions upon which the electors of the city of Alva authorized the bonds to be issued, and was such an abuse of authority as will be prevented by an injunction at the instance of the taxpayers.

In Town of Afton v. Gill, 57 Okla. 36, 156 Pac. 658, this court held:

"Although a court of equity will not interfere to control the exercise of the discretion of a board upon a subject within its power, a court of equity will enjoin such board from attempting to do a wrongful act which is entirely outside of the limits of the discretion so confided."

In Allen v. Board of Com'rs of Logan County, 131 Okla. 41, 267 Pac. 860, this court held:

"Where the resolution and proclamation of the board of county commissioners, calling an election for the purpose of voting bonds for the construction of permanent roads, designate the roads to be constructed, the board has no authority to expend all the proceeds of such bonds on a portion of said roads to the exclusion of others so designated, as the order calling the election and the ratification of that order by the electors in adopting the bonds at a subsequent election, in effect, constituted a contract between the county and the individuals whose property was affected, and it could not be materially altered by one of the parties alone"

—and:

"When funds are raised by the issuing of bonds, or by taxation for a designated purpose, they cannot be diverted to some other purpose."

In Pine v. Baker, 76 Okla. 62, 184 Pac. 445, this court held:

"Where bonds are voted by a county to build permanent roads, the proceeds cannot be used by the county to simply grade roads, but must be used for the purpose of constructing permanent roads, and for no other purpose."

In Wentz v. Ingenthron, 146 Okla. 165, 294 Pac. 154, this court held:

"When funds are raised by the issuing of bonds, or by taxation for a designated purpose, they cannot be diverted to some other purpose."

The contention of the defendants that the ordinance did not contain the words "for" and "new," found in the proclamation and ballot, might well have been presented in an attack upon the validity of the bonds, but it is apparent from the record that no such attack was made. That issue is not before us.

The defendants contend that the inclusion in the proposition, as stated in the proclamation and ballot, of the purpose for which the money was to be expended, was surplusage in that the only question that could legally be submitted to the voters was whether or not they desired to become indebted for the purpose of acquiring a municipal hospital. They contend that all the details as to the manner of acquiring the same were within the discretion of the city council, and that that discretion could not be surrendered to the voters.

It is not necessary herein to determine whether or not it was necessary to include in a proposition submitted to the voters the purpose for which funds derived from the incurring of the indebtedness are to be used, for the reason that herein the purpose was submitted to the voters in the proposition to be voted on. The power of the municipality to incur the indebtedness sought to be incurred in this instance was dependent upon the authority derived from the consent of the majority of the qualified property taxpaying voters voting at an election at which the proposition sought to be adopted was submitted. The authority of the municipal officers was expressed in the ballot, and the proposition therein stated defined the powers of the municipality and its officers. Since the authority granted was to construct "a new city hospital," there was no power in the municipality to become indebted for the purpose of constructing anything other than a new city hospital.

The defendants cite the case of Molacek v. White, 31 Okla. 693, 122 Pac. 523. The facts in that case are quite different from the facts in the case under consideration. There the question was, Could the board of education make an enforceable contract or pledge to the electors of a municipality, independent of the ballot, as an inducement to them to authorize the issuance of bonds? Notice the language, "independent of the ballot." Here the authority is granted by the language contained in the ballot. The

proposition voted on in that case was the issuance of $54,000 in bonds for several purposes, one of which was to purchase a site and build a highschool building. Prior to the election, the school board passed a resolution providing that the building would be located upon a specific lot. When the election was over, the school board refused to build on the lot specified, and attempted to build the building as provided in the proclamation and ballot. The court held that they could not be enjoined from proceeding with the work. In that case the court cited with approval the case of Ardrey v. Zang (Tex. Civ. App.) 127 S. W. 1114, wherein that court held that the board of education had not precluded itself from the exercise of its discretionary power for the reason that "the representations were not embodied in the proposition submitted by the commissioners to the people to vote upon." In this case the question submitted in the proclamation and the ballot provided for the purchasing of a site for and the construction of a new city hospital for the city of Alva.

An examination of this record discloses that the qualified property taxpaying voters of the city of Alva were asked by the municipal officers of that city to authorize them to incur an indebtedness to provide funds for the purchase of a site for and the construction of a new city hospital, and the qualified property taxpaying voters of that city voting at an election for that purpose authorized an indebtedness for the purchase of a site for and the construction of a new city hospital. Thereafter, the city officials, without any authority of law and in direct violation of the authority asked and granted, attempted to buy a residence building for the purpose of remodeling it and converting it into a city hospital, thus depriving the taxpayers of that community of many valuable rights, including the right to have a new city hospital constructed after competitive bidding in conformity with the statute. The district court of Woods county enjoined the illegal use of the funds derived from the sale of the bonds authorized.

There was no error in so doing, and the judgment of that court is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, KORNEGAY, and McNEILL, JJ., concur.