## RUTHERFORD v. CITY OF McALESTER et al.

No. 33995. Jan. 24, 1950.

*214 P. 2d 246.*

Cornish & Baumert, of McAlester, for plaintiff in error.

Bell & Tucker, of McAlester, for defendants in error.

GIBSON, J. This is an action by a resident taxpayer, suing on behalf of himself and others in like situation, against the city of McAlester and its executive and administrative officers, to restrain the spending of the proceeds of the sale of bonds and requiring same to be invested as surplus funds for the purpose of retiring the bonds. De-fendants interposed a demurrer to plaintiff's petition. The demurrer was sustained, and from the judgment for defendants plaintiff appeals.

At a special election, held on May 14, 1946, there was submitted to the voters and taxpayers, and by them adopted, eight propositions. Among them was proposition No. 1, which is as follows:

"Proposition No. 1

"Shall the City of McAlester, State of Oklahoma, incur an indebtedness by issuing its negotiable coupon bonds in the sum of One Hundred Thousand and no/100 ($100,000.00) Dollars, to provide funds for the purpose of con-struction of a limited access facility, same being to pay the cost of opening, widening, extending, relocating a n d changing the grade thereof; draining, paving, and repaving wherein the same exceed the benefits to the abutting prop-erty for limited access highways, ar-terial highways and auxiliary service highways, to be owned exclusively by said city; and levy and collect an an-nual tax, in addition to all other taxes, upon all the taxable property in said City sufficient to pay the interest on said bonds as it falls due, and also to constitute a sinking fund for the pay-ment of the principal thereof when due, said bonds to bear interest not to exceed the rate of 2 per centum per annum, payable semi-annually, and to become due serially within 25 years from their date?"

"It is alleged that prior to the elec-tion the City Planning Commission, a legally constituted official body of the city, issued an information circular to the voters of the City called "Bond Facts". And, with reference thereto, there is alleged as follows:

". . . That under the terms of said circular it was represented to the vot-ers of said city in Proposition No. 1, which was denominated 'Federal High-way Right-of-Way' that the purpose of incurring the $100,000.00 indebtedness, and the issuance of serial bonds. there-for, was to contribute one-third of the cost of the right-of-way of said high-way which would be a relocation of Federal Highway No. 69, through the

City of McAlester. It was further represented that the State of Oklahoma and the Federal Government would each contribute a like amount of $100,-000.00 each, and that such gross sum of $300,000.00 would be the total cost of the right-of-way. It was further represented that all cost of grading, paving, etc., would be born entirely by the State and Federal Governments.' . . .

" * * *

"Plaintiffs further allege that subsequent to the issuance of said bonds the State of Oklahoma, acting through the State Highway Commission, has refused and failed to contribute its $100,-000.00 toward the cost of acquiring said right-of-way. That the Federal Government, so advised of the position of the State of Oklahoma, acting through the State Highway Department, has also refused and failed to contribute its $100,000.00 toward the acquisition of said right-of-way; but that the City, State and Federal officials are now proposing to use the entire $100,000.00, being the proceeds of the bonds sold under Proposition No. 1, plus some $60,-000.00 to be contributed by the Federal Government in attempting to acquire a right-of-way, or portion thereof. That such attempted expenditure of the funds of the City of McAlester, and the proceeds of said bond issue are not within the terms of the 'Bond Facts' hereto attached as Exhibit 'A', nor Proposition No. 1, hereto attached as Exhibit 'B', which was voted upon by the legally qualified voters of said city of McAlester at said bond election, since it was distinctly represented and understood by the City Planning Commission, the City Council and the voters at said election, the City would contribute only one-third toward the cost of acquiring said right-of-way, but that there is now proposed, and the officials referred to are attempting to acquire said right-of-way, or a portion thereof, using the $100,000.00 contributed by the City of McAlester, plus the $60,-000.00 contributed by the Federal government thereby imposing a burden of 10/16 of the cost of said right-of-way upon the City of McAlester rather than the one-third of the cost thereof which was authorized at said bond election."

In order to withstand the demurrer there must be alleged in the petition facts susceptible of proof which, if true, are sufficient in law to show a right of action. Since the election at which the bonds were voted is not in question, the illegality of any proposed expenditure of the bond proceeds must depend upon the fact such expenditure is for a purpose other than that for which they were voted because, as said in City of Alva et al. v. Mason et al., 150 Okla. 25, 300 P. 784:

"The proposition contained in the ballot constitutes the authority of the municipal officers for the issuance of bonds and the expenditure of the funds obtained by the sale thereof."

While it is averred that the proposed expenditure is without the purpose set forth in the ballot, such averment is based upon no inconsistency between the proposed purpose and that defined in the ballot but is expressly based upon the proposed expenditure being inconsistent with that expressed in the "Bond Facts". In order to hold, by reason of the Bond Facts, that the expenditure is illegal notwithstanding the same is within the purpose expressed in the ballot, we would have to find either that the ballot did not reflect the purpose of the voters or else reflected such purpose only in part and such part carried the limitation expressed in the Bond Facts. While such contentions might well have been made in a direct attack on the bonds, the issue cannot be raised herein where the correctness of the ballot cannot be, and is not, challenged (City of Alva et al. v. Mason et al., supra).

The judgment is affirmed.