CITY AUTHORITY — SALES TAX FOR SPECIAL PURPOSE Pursuant to 68 O.S. 2701 [68-2701] — 68 O.S. 2706 [68-2706] (1970), a city is authorized to vote, assess, levy and collect a one cent (1c) sales tax for the special purpose of earmarking the proceeds to an accredited junior college pursuant to 70 O.S. 4408 [70-4408] (1970) and may declare said purpose within the ballot. The Attorney General has received your letter dated January 18, 1971, wherein you ask the following question: QUESTION: May a city pass a one cent (1c) sales tax and earmark the proceeds to an accredited community junior college? ANALYSIS AND DISCUSSION: 68 O.S. 2701 [68-2701] (1970) provides: "Any incorporated city or town in this State is hereby authorized to assess, levy, and collect taxes for general and special purposes of municipal government as the Legislature may levy and collect taxes for general and special purposes of State government. . ." This statute was originally passed in 1963 in substantially the same form, except that "any sales tax" as well as ad valorem property taxes was excluded. O.S.L. 1963, Ch. 211, Section 1. An Opinion of the Attorney General, No. 69-216, dated August 14, 1969, indicates that, "As a city sales tax under this section (68 O.S. 2701 [68-2701] (1970)) is authorized for purposes of municipal government only, and the construction of county hospitals is a function and duty of county government and the Board of County Commissioners under 19 O.S. 782 [19-782] (1961), incorporated cities or towns may not contribute the proceeds from a city sales tax to the construction of a county hospital." In accordance with Section 7 of the Oklahoma School Code, public schools of Oklahoma include "two years of junior college work, night school, adult and other special classes. . ."; and according to Section 23 of said Code, the governing Board of each School District in Oklahoma is designated as the Board of Education of said District. Therefore, a community junior college is clearly a function of the School District's Board of Education. Pursuant to 70 O.S. 4408 [70-4408] (1970), "any municipality. . .represented in the jurisdiction of the community junior college shall have authority to use any of its funds, now or hereafter available, to assist in the establishment, maintenance and operation of the community junior college." Therefore, pursuant to said statute, a community junior college is also classified as a function or special purpose of municipal government. "Earmark" is defined by Webster as "to set aside or reserve for a special purpose. . ."; therefore, to "earmark the proceeds" could be construed as before or after the fact (the fact being the election itself). It is the Attorney General's understanding that the City of Seminole is concerned as to the legality of "earmarking" before the fact in the form of specifying the use of the revenue on the ballot itself. It has been held that a general grant of power to expend municipal funds for a particular purpose impliedly authorizes the levy of a tax necessary and sufficient to raise a fund therefore, 64 Municipal Corporations, C.J.S. 1992. Further, it has been the history as to public improvement levies to be so identified as "levy for park purposes", "levy for library fund", etc. It is also logical to assume that a tax revenue issue passed for general purposes would be directed to a general fund where such issue passed for special purposes be directed to a special fund. 68 O.S. 2705 [68-2705] (1970) provides as follows: "Any taxes which may be levied by an incorporated city or town as authorized by this act shall not become valid until the ordinance levying each specific tax shall have been approved by a majority vote of the registered voters of such incorporated city or town voting on such question in the manner prescribed by 11 O.S. 61 [11-61] (1961). . ." 11 O.S. 61 [11-61] (1961) provides in part: ". . .The Mayor . . . shall thereupon issue a proclamation calling such election and shall set forth therein the proposition. . .to be voted on at such election. . ." (Emphasis added) In Rutherford v. City of McAlester, et al., 202 Okl. 369, 214 P.2d 246
(1950), a proposition was put before the voters to pass a bond issue for a purpose declared within the ballot. The measure passed and the Supreme Court held that subsequent expenditure of funds would not be enjoined on the ground that the voters understood the votes to be cast for a different or limited purpose where the legality of such election was not called into question, the general rule being that municipal officers will normally be enjoined from expending such funds for a purpose other than that for which the indebtedness was authorized, City of Alva v. Mason, 100 Okl. 25, 300 P. 784 (1931). Section 68 O.S. 2701 [68-2701] permits a city to levy a sales tax in the same manner as the state may so levy and the state has previously designated particular funding pursuant to a sales tax, O.S.L. 1968, Chapter 374, Section 1-5. 68 O.S. 1303 [68-1303] (1970). OPINION: It is the opinion of the Attorney General, based upon the foregoing analysis and discussion, that your question be answered in the affirmative. Under the provisions of 68 O.S. 2701 [68-2701] — 68 O.S. 2706 [68-2706] (1970), a city is authorized to vote, assess, levy and collect a one cent (1c) sales tax for the "special purpose" of earmarking the proceeds to an accredited junior college pursuant to 70 O.S. 4408 [70-4408] (1970). Further, pursuant to 68 O.S. 1303 [68-1303] (1970) and 11 O.S. 61 [11-61] (1961), said purpose may be declared within the ballot. (Larry L. French) ** SEE: OPINION NO. 91-566 (1991) **