J. W. HARRELL, *Plaintiff in Error, v.* A. S. WOODBERRY, *as County Treasurer of Gadsden County, Defendant in Error.*

1. When the funds collected and raised for roads and bridges have been exhausted, the county commissioners may not pay expenses properly belonging to said fund out of the "general revenue fund."

2. The salary of the Superintendent of roads and bridges is an expense properly charged against the road and bridge fund.

3. There is no statutory authority for the use of the term "general revenue fund" in county taxation. All funds are special in the sense that they may be applied only to such purposes as may be properly embraced therein.

This case was decided by the Court en Banc.

The facts in the case are stated in the opinion of the court.

*E. C. Love,* for Plaintiff in Error;

*W. W. Trammell,* for Defendant in Error.

## ON REHEARING.

COCKRELL, J.—Upon re-hearing granted in this case, it is urged that the petition for mandamus discloses that no taxes for road purposes were levied and that consequently the General Fund was subject to the warrant drawn. We have again given the case most careful consideration, in view of the apparent hardships alleged to result from our former holding, but are unable to arrive at a different conclusion.

From the petition it appears that when the salary for the month of September, 1910, became due, the Board

of County Commissioners "having exhausted all of the county funds collected and raised for the purpose of maintainging, working and building roads and bridges in said county, it was ordered by said Board   *   *   *   that a warrant for your petitioner's salary should be issued on the County Treasurer of said County of Gadsden and drawn on the General Revenue Fund, said fund being raised by taxes for county purposes generally." This clearly indicates that the Commissioners had raised a fund, by special tax levy, either under Chapter 5677, Laws of 1907, which permits a special tax for "working, repairing and maintaining the Public Roads and Bridges of the Several Counties of this State," or under some other act, and that this special fund so levied had been exhausted before October, 1910. This plain statement of a fact is not overcome by the subsequent averment that the County Commissioners have not levied any special tax for road and bridge purposes either under the General law or under said Chapter number 5985, or under any other special act and that the tax authorized in and by said Chapter 5985 of the Laws of Florida cannot be constitutionally levied and collected. That unless the said Treasurer is required to pay warrants issued upon him by the Board of County Commissioners for said county and drawn upon said General Revenue Fund authorizing the payment of liabilities incurred for working, building and maintaining roads and bridges in said county, that all such work on roads and bridges must be abandoned except such as can be performed by the labor summoned for such purposes under said Chapter 5985, and that such labor and the funds lawfully derived under said acts are insufficient to maintain and work the roads of said county."

Bearing in mind that this petition was filed in October,

1910, that under the law the County Commissioners usually met in August or September to fix the tax levy, which is not collectible before November, and in large part is not in fact collected until some time the succeeding year, it would seem that a special tax was levied for the year 1909, and that when the petitioner asserts that the Commissioners have not levied this tax and that dire results will follow, he says only that they did not at their meeting for the year 1910 levy this tax.

We are now satisfied that we correctly read the petition, that properly construed it shows a fund raised by taxation for one purpose which had been exhausted, and there was an unauthorized attempt to use another fund.

If the County of Gadsden can work its roads under the ordinary General Revenue Fund, which is limited to five mills, without availing itself of the special tax levy authorized by Chapter 5677, the law permits it, though it may require most careful nursing of the income so derived.

The commissioners may have been misled by the use of the term "General Revenue Fund," which term we are advised is not infrequently used throughout the State. As applied to direct taxation for county purposes there is no statutory authority for the use of such designation of a fund. In making up its estimates of the millage to be levied, there may be many miscellaneous or contingent items which can be more conveniently grouped under one heading; but this grouping does not constitute a general fund for all purposes, including those for which special levies are made; it yet remains a special fund for such purposes only as may be properly embraced therein.

The judgment is again affirmed.

All concur except SHACKLEFORD, J., absent.