MIAMI BANK & TRUST COMPANY, A CORPORATION, *Appellant,* v. THE BOARD OF PUBLIC INSTRUCTION FOR THE COUNTY OF BROWARD, STATE OF FLORIDA, A CORPORATION; FORT LAUDERDALE SPECIAL TAX SCHOOL DISTRICT NUMBER THREE OF BROWARD COUNTY, STATE OF FLORIDA, A CORPORATION; BISCAYNE CONSTRUCTION COMPANY, A CORPORATION, AND WALTER DEGARMO, *Appellees.*

Opinion Filed December 13, 1918.

1. Funds in the control of a Board of Public Instruction which were raised by the public for the specific purpose of building a school house, constitute trust funds for that purpose and may not be diverted to any other purpose until the purpose for which such funds were raised has been accomplished.

2. One who has a claim against such funds under the regulations adopted for its proper disbursement may maintain a suit to enjoin the Board of Public Instruction from disbursing the funds for any purpose other than that for which they were raised.

Appeal from Circuit Court for Broward County; H. Pierre Branning, Judge.

Order reversed.

*Atkinson & Burdine* and *Bart A. Riley,* for Appellant;

*Shutts, Smith & Bowen* and *Bullock & Evans,* for Appellees.

PER CURIAM.—Appeal from an order sustaining a demurrer to the bill of complaint of Miami Bank & Trust Company against The Board of Public Instruction for Broward County; Fort Lauderdale Special Tax School District Number Three of Broward County; Biscayne Con-

struction Company, and Walter C. DeGarmo, for an accounting for money advanced and paid out to the construction company on account of a contract for the construction of a school building in Broward county, and for an injunction to restrain the Board of Public Instruction from disbursing for any other purpose the money raised by the publc for the purpose of constructng the school bulding and to declare a lien upon the said fund. The demurrer was general. There is equity in the bill. The fund was created for a particular purpose, viz: the construction of the school building, the certificates of indebtedness issued against it for the construction of the building was the method adopted for payment of the work as it progressed; the fund has not been exhausted nor impaired, although there has been a partial substitution of one fund for another. The Board of Public Instruction for Broward County are trustees of the fund under the allegations of fact set forth in the bill charged with the disbursement of it for the purpose for which it was raised. The demurrer should have been overruled.

The order is reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.