[No. 16092.  Department One.  November 23, 1920.]

C. THOMPSON, *Appellant*, v. PIERCE COUNTY *et al.*,
*Respondents.*[1]

HIGHWAYS (31, 36)—CONSTRUCTION—POWERS OF COMMISSIONERS—
DIVERSION OF FUND AUTHORIZED FOR SPECIAL PURPOSE.  An election
authorizing the issuance of bonds for the construction of new roads
and the improvement of established roads, and specifying by name
a certain highway then existing, must be construed as referring to
that highway and its route as existing and known by that name.

SAME.  Where an election authorized the issuance of bonds for the
improvement of an existing highway, along a specified route, it is
a material departure which the county commissioners cannot legally
make, to expend funds in the construction of a mile and a half of
new road in place of repairing a shorter portion of the existing
highway.

SAME.  Where the county commissioners, in their notice of election
to authorize highway bonds, specified the exact route of an existing
highway to be improved, they cannot, after the election, make a
material departure in the route under the authority of Rem. Code,
§ 5101-4, which merely provides that the notice need not describe
the road with particularity, but that it shall be sufficient to describe
the same by termini and a general statement of its course.

Appeal from a judgment of the superior court for
Pierce county, Clifford, J., entered March 12, 1920, in
favor of the defendant, dismissing an action for an in-
junction, after a trial on the merits to the court.  Re-
versed.

*Lyle, Henderson & Carnahan,* for appellant.

*William D. Askren, J. A. Sorley,* and *Frank D. Nash,*
for respondents.

PARKER, J.—The plaintiff, Thompson, a taxpayer
and resident of Pierce county, commenced this action
in the superior court of that county, seeking an in-
junction restraining the county and its commissioners

[1]Reported in 193 Pac. 706.

from expending county road funds, which are raised or to be raised by a bond issue of the county, in the construction of a road along a line, as it is alleged, different from that which was authorized by the electors of the county at a special election ratifying the issuance and sale of bonds of the county for the purpose of constructing new roads and improving established roads within the county. A trial upon the merits resulted in a judgment denying the relief prayed for, from which the plaintiff has appealed to this court.

The controlling facts are not in dispute, and may be summarized as follows: On April 19, 1919, the board of county commissioners passed a resolution providing for the calling of a special election and submitting to the electors of the county a proposition specified in the resolution, in so far as we need here notice its terms, as follows:

"That Pierce county, Washington, by and through its board of county commissioners, become indebted in the sum of $2,500,000 by the issuance and sale of its General Negotiable Coupon Bonds in said amount. . . . That said bonds shall be issued for the purpose of constructing new roads and improving and aiding in the improvement of established roads within said county as follows:"

This is followed by separate designations of twenty-six roads to be constructed or improved by the expenditure of the funds to be so raised, and of the amount thereof to be expended upon each road; the road here in question and the amount to be expended thereon being designated as follows:

"(26)   Approximately $135,700 for the Gig Harbor-Long Branch Highway from a point at or near the north Meander corner of Sec. 6 Twp. 21 N. R. 2 E., to a point in Lot 2, Sec. 24, Twp. 22 N. R. 1 E., about 900 feet southerly from the southeast corner of the Plat of Purdy; thence northerly on the Purdy-Kitsap

County Road on or near the west 1/16 lines of Secs. 24 and 13, Twp. 22 N. R. 1 E. to the north line of said Sec. 13.''

Notice of election was given accordingly, the road here in question and the amount to be expended thereon being designated in the notice in the exact language of the resolution of the board above quoted. The election was duly held in pursuance of the resolution and notice, and resulted in the ratification of the bond issue and the construction and improvement of the roads as proposed. The trial court found:

''That at the time of the passage of said resolution there was a road known as the 'Gig Harbor-Long Branch Highway' extending from Gig Harbor to Long Branch by way of Purdy.''

The correctness of this finding is not questioned here. The proposed improvement of the portion of the ''Gig Harbor-Long Branch Highway,'' together with the portion of the ''Purdy-Kitsap County Road,'' being the proposed improvement here in question, is a little less than five miles long. The county commissioners now propose and threaten to depart from the line of the Gig Harbor-Long Branch Highway as now existing, in the making of the improvement, to the extent of constructing an entirely new road for a distance of about a mile and a half, which new road, while making the entire improvement continuous, would materially depart from the existing line of the Gig Harbor-Long Branch Highway and increase the length of the entire improvement several hundred feet. One point upon such proposed new road would be 1,500 feet distant from the existing Gig Harbor-Long Branch Highway. This bonding and road construction project is undertaken by the county under the act of 1913, found in the session laws of that year (Laws of

1913, p. 62), and also in § 5101-1 and following of Rem. Code.

It is contended in appellant's behalf that the county commissioners are not authorized by the vote of the electors ratifying this bonding and road proposition to expend any of the funds so authorized to be raised for the improvement here in question upon any road the line of which materially departs from the existing line of the Gig Harbor-Long Branch Highway and the Purdy-Kitsap County Road, and that the proposed departure from the line of the existing Gig Harbor-Long Branch Highway is such a material departure. On the other hand, it is contended in behalf of respondents that the ratification of the proposed bond issue and improvement does not restrict the county commissioners to the improving of the Gig Harbor-Long Branch Highway along the line of that highway as now existing. The argument seems to be that, since the resolution of the county commissioners, and also the notice of election, refers to the proposition as one "for the purpose of constructing new roads and improving and aiding in the improvement of established roads," and there is no express language in the resolution designating the road here in question as one to be "constructed" or "improved," there is nothing to negative the idea that the county commissioners can either "improve" the existing Gig Harbor-Long Branch Highway or "construct" a new Gig Harbor-Long Branch Highway, in whole or in part.

It seems to us that this argument is answered by the fact that there was, at the time of the adoption of the resolution and the holding of the election, an existing Gig Harbor-Long Branch Highway known as such, as found by the trial court. The words of the resolution and of the notice of election referring to the "construction" of new roads and "improvement"

of established roads are general words, not specifically referring to any separately designated road. We think that the words "constructing new roads" refer to those specified roads which have no present existence, and that the words "improving and aiding in the improvement of established roads" refer to those specified roads which have an existence and are known by name as specified; and since the Gig Harbor-Long Branch Highway is an existing highway known by that name, as found by the trial court, we see no escape from the conclusion that the resolution and notice of election must be construed as referring to that highway, and its route as existing and known by that name.

It is elementary law that when funds are raised by the issuing of bonds or by taxation for a designated purpose they cannot be diverted to some other purpose. 15 C. J. 584; Cooley, Taxation (3d ed.), 581. Would the expenditure from this fund in the proposed construction of a mile and a half of new road in place of the improving of a somewhat shorter portion of the existing Gig Harbor-Long Branch Highway be a material departure from what was authorized by the voters in the ratification of this bond issue and road project? We are of the opinion that it would be a material departure and wholly unauthorized. We see no escape from the conclusion that there was submitted to the electors the proposition of issuing bonds for the improvement of the existing Gig Harbor-Long Branch Highway, with others, and that this proposed mile and a half of new road is not a part of the road so designated to be improved by expenditures from this fund.

Some contention is made in behalf of the county rested upon a provision of § 5101-4, Rem. Code, referring to the notice of election, reading as follows:

"Such notice need not describe the road or roads with particularity, but it shall be sufficient either to describe the same by termini and with a general statement as to the course of the same, or to use any other appropriate language sufficient to show the purpose intended to be accomplished."

It may be that the commissioners, in their resolution and notice of election, could have specified what they proposed to do as to this particular road in such general terms as, upon ratification, would have resulted in them being authorized to do the thing which they now propose to do; but neither the resolution or notice stated the proposal in any such general terms. The electors must have understood that it was proposed to improve the "Gig Harbor-Long Branch Highway" as existing and known by that name. We think that the electors' ratification of the proposition limited expenditures from the $135,700 fund to the improvement of the existing Gig Harbor-Long Branch Highway and the Purdy-Kitsap county road.

We conclude that the judgment of the trial court should be reversed, and that the county and its officers should be enjoined from expending any of the $135,700 in the construction of the proposed new road, or in the improvement of any other road than the existing Gig Harbor-Long Branch Highway and the Purdy-Kitsap county road. It is so ordered, and the cause is remanded to the superior court with directions to enter judgment accordingly.

MACKINTOSH, TOLMAN, FULLERTON, and BRIDGES, JJ., concur.