**ALLEN et al. v. BOARD OF COM'RS OF LOGAN COUNTY et al.**

No. 17742. Opinion Filed May 29, 1928.

(Syllabus.)

1. **Counties—Public Funds not to be Diverted from Designated Purpose.**

When funds are raised by the issuing of

bonds or by taxation for a designated purpose, they cannot be diverted to some other purpose.

**2. Same—Highways—Bonds Voted for Designated Permanent Roads — County Board not Authorized to Expend Proceeds on Portion of Roads to Exclusion of Others Designated.**

Where the resolution and proclamation of the board of county commissioners, calling an election for the purpose of voting bonds for the construction of permanent roads, designate the roads to be constructed, the board has no authority to expend all the proceeds of such bonds on a portion of said roads to the exclusion of others so designated, as the order calling the election and the ratification of that order by the electors in adopting the bonds at a subsequent election, in effect, constituted a contract between the county and the individuals whose property was affected, and it could not be materially altered by one of the parties alone.

**3. Same—Discretion of County Board as to Material to be Used on "Hard Surface" Roads.**

Where a county votes bonds for the purpose of constructing permanent or hard surface roads without any further designation as to the material to be used, the county commissioners are not limited to any one material, but may exercise their discretion in the choice of various materials which, in their judgment, may be best suited for each particular road or portion of road, so long as such improvement comes within the provisions of section 16, chapter 48, Session Laws 1923-24, which defines the term "hard surface" to mean a road surfaced with concrete, brick, water bound, or bituminous macadam or the equivalent of properly bound gravel or other material to be approved by the State Highway Commission and meeting the federal requirements.

**4. Same—Right of Action in Resident Taxpayer to Prevent Illegal Disposition of Funds.**

A resident taxpayer, although he shows no special private interest, may invoke the interposition of a court of equity to prevent an illegal disposition of the money of a municipality.

**5. Mandamus—Writ Invocable to Correct Abuse of Official Discretion.**

Although, ordinarily, mandamus will not lie to compel the performance of the duty of an officer not purely ministerial, but in which he exercises judgment and discretion, yet the writ may be issued to correct an abuse of discretion, or to compel action where the officer is vested with judgment and discretion, but his action or refusal to act is arbitrary.

Error from District Court, Logan County; Charles C. Smith, Judge.

Action by John F. Allen et al. against the Board of County Commissioners of Logan County et al. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

Erwin & Erwin, for plaintiffs in error.

Geo. W. Partridge, Co. Atty., and James Adams, for defendants in error.

MASON, V. C. J. The plaintiffs in error, who are resident voters and taxpayers of Logan county and owners of land in the vicinity of the town of Meridian, commenced this action against the board of county commissioners and the individual members thereof, and the clerk and treasurer of said county, asking that a writ of mandamus be issued requiring the defendants to construct a permanent or hard surface road east from Guthrie through the town of Meridian, and further praying that the defendants be enjoined from ordering, issuing, or paying any warrant for the construction of any road other than the one involved herein against the balance of a fund created by the sale of certain road bonds of said county.

Upon the filing of the petition, an alternative writ of mandamus and a temporary restraining order were issued. Thereafter, upon trial of the case, the trial court sustained the demurrer of the defendants to the plaintiffs' evidence and dismissed the case, from which the plaintiffs have appealed.

The controlling facts, which are not in dispute, may be summarized as follows:

The defendant board of county commissioners, on June 30, 1924, passed a resolution providing for the calling of a special election in said county for the purpose of voting upon the issuance of bonds in the sum of $750,000 for the construction of permanent county roads, and authorizing the publication of a proclamation for such election; said resolution and the proclamation, which was duly published, designated and described approximately 95 miles of roads which were to be so improved, including the road "from the east line of the city of Guthrie through Meridian." The election was held on August 5, 1924, and the bonds carried. Afterwards, the bonds were executed and sold, thereby becoming a fixed and binding obligation upon the county and upon the property of the plaintiffs.

The petition of the plaintiffs charged that the defendants were not administering this special fund equally and fairly, but were willfully, arbitrarily, and in disregard of the plaintiffs' rights, spending large and disproportionate parts of the proceeds of the bond issue upon other roads than the one involved herein. It is also alleged that the defendants had paid out and contracted to expend upon one of the other designated roads running north and south across said county the sum of $350,000; that they had turned over to the State Highway Commission the sum of $100,000 to be expended upon another of said roads; that they had contracted to spend the sum of $56,401 upon another of said roads, and that there remained at that time from the proceeds of said bond issue not to exceed the sum of $243,599, and that the defendants intended to use this balance upon the other roads without expending any portion thereof upon the road involved herein, commencing at the east boundary of the city of Guthrie and extending eastward through the town of Meridian.

The defendants answered, admitting the resolution and proclamation of election and the contracts for the other roads, as alleged by the plaintiffs, but alleged that the bond issue was insufficient to build all the roads designated, and further answered, admitting, in effect, that it was not the intention of the defendants to spend any of said bond money upon the Meridian road, but alleged that money to be subsequently derived from other sources would be used to eventually construct said road.

The plaintiffs also alleged that they had endeavored to get the board of county commissioners to take some action toward the building of said road and setting aside the pro rata share of the bond issue to be used for that purpose. The evidence of the plaintiffs bore out the allegations of their petition.

The plaintiffs contend that the provisions in the bond election, designating the roads for improvement, are mandatory and enforceable, while the defendants seem to contend that the board of county commissioners have discretionary power to spend the proceeds of said bond issue on any part or portion of the roads so designated as to them seems proper. We do not think the contention of the defendants is sound.

The board of county commissioners was without power to proceed until first granted the authority to issue said bonds by an election of the qualified voters. The board is limited in its powers to those specially granted by statute. Allen v. Board of Commissioners of Pittsburg County, 28 Okla. 773, 116 Pac. 175; Garvin County v. Lindsay Bridge Co., 32 Okla. 784, 124 Pac. 324.

The board in passing its resolution and in publishing the proclamation for the bond election evidently deemed it not only expedient but necessary to designate the roads which were to be improved in order to secure sufficient votes to authorize the issuance of said bonds. The qualified electors, no doubt, relied upon said designation in casting their votes. The commissioners could have omitted any reference to any particular roads upon which the proceeds of the bonds would be spent, in which event they, unquestionably, would have had the discretion contended for by the defendants herein to use the money upon such roads as they thought best. They could have asked generally for the consent of the electors to issue bonds in the sum of $750,000 for the construction of roads in Logan county, but they did not do so; on the contrary, they specified each road that was to be constructed, and their power to spend the proceeds of the bonds was thereby limited.

The board knew that 60 per cent. of the voters must be satisfied or the bonds would be defeated, and, doubtless, in order to carry the vote of that portion of the county in the vicinity of the town of Meridian, placed in the proclamation the provision for a road "from the east line of the city of Guthrie east through Meridian." Each elector had a right to assume that all the roads designated in the resolution and proclamation would be constructed.

In the case of Mayberry v. Gaddis, 88 Okla. 286, 213 Pac. 316, this court was considering a question very similar to the one involved herein. Bonds had been voted for the construction of roads wherein the ballots provided that the building and construction of said roads should be in conjunction with the federal and state governments, and that only so much of said bonds should be sold at any one time as would equal the amount of federal and state aid money then allowed for the purpose of contributing toward making the improvements for which said bonds were issued. The court held that such provision did not invalidate the election, but that such condition was valid and binding upon the county in the sale of the bonds issued by authority of such election.

It is elementary law that when funds are

raised by the issuing of bonds or by taxation for a designated purpose they cannot be diverted to some other purpose. 15 Corpus Juris 584; Cooley on Taxation (3rd Ed.) 581; Doty v. Ellsbree, 11 Kan. 209.

In Pine v. Baker, County Treasurer, 76 Okla 62, 184 Pac. 445, we held:

"Where bonds are voted by a county to build permanent roads, the proceeds cannot be used by the county to simply grade roads, but must be used for the purpose of constructing permanent roads and for no other purpose."

The question then presented is, Would the expenditure of all the proceeds from this bond election in the construction of a portion of said designated roads to the total exclusion of others be a material departure from what was authorized by the voters in the ratification of this bond issue and road project? We are of the opinion that it would be a material departure and wholly unauthorized.

We see no escape from the conclusion that there was submitted to the electors the proposition of issuing bonds for the permanent improvement of all the designated roads, and that failure to so improve the road from Guthrie to Meridian would be a violation of the conditions under which the electors authorized and agreed that the defendant commissioners might issue said bonds. The order calling the election and the ratification of that order by the electors, in effect, constituted a contract between the county and the individuals whose property was affected, which could not be altered by one of the parties alone. O'Farrell v. Sonoma County (Cal.) 208 Pac. 117.

In the foregoing case, only one road was involved, but the court held that. where the order of the county board of supervisors, calling an election for the purpose of voting road bonds, specified the road to be constructed and the length thereof, the board had no authority to spend all the money on a portion of the road only.

Counsel for defendants cite section 8. chapter 48, of the Session Laws of 1923-24. which provides that the county commissioners shall have the same jurisdiction to designate, construct, hard-surface, maintain, or repair county highways and bridges thereof as is given the State Highway Commission on state highways. This provision. however. if otherwise applicable. would not authorize the board to disregard the plain provision under which the bonds were voted and the

necessary funds secured for the construction of said roads.

Plaintiffs next contend that all the roads designated in the bond election should be constructed of the same material, and that the commissioners have no authority to use concrete, brick, or asphalt in the construction of a portion thereof and some cheaper material in constructing the remainder. We cannot agree with such contention. The resolution and proclamation contain no such provision. Section 16, chapter 48, Session Laws 1923-24, defines what shall be hard surface or permanent improved roads as follows:

"The term 'hard surface,' as used in this act, shall be construed to mean a road surfaced with concrete, brick, water bound or bituminous macadam, or the equivalent of properly bound gravel, or other material to be approved by the State Highway Commission, and meeting the federal requirements."

We are of the opinion that, although the county commissioners were bound to use the proceeds of such bond election for the permanent improving of all roads designated in the proclamation, yet the board has a discretion to determine the kind of hard surfacing of the different roads or portions of roads so long as such improvement comes within the statutory designation of what shall be considered hard surface.

Some contention is also made relative to the right of the plaintiffs to enforce this condition in an action of this character. The rule is well established, however, that a resident taxpayer, although he shows no special private interest, may invoke the interposition of a court of equity to prevent an illegal disposition of the money of a municipality. Kellogg v. School District No. 10, Comanche County, 13 Okla. 286, 74 Pac. 110; Harlow v. Board of Commissioners of Payne County, 33 Okla. 353, 125 Pac. 449; Ashton v. Board of County Commissioners of Murray County, 45 Okla. 731, 147 Pac. 305; Bowles v. Neely, Mayor, 28 Okla. 556, 115 Pac. 344.

The rule is stated in State ex rel. Whitson v. Board of Commissioners of Ellis County, 65 Okla. 273, 166 Pac. 423, as follows:

"Mandamus lies to compel any inferior tribunal, corporation, board, etc., to perform any act which the law specially enjoins as a duty resulting from an office, trust, or station, but the remedy cannot be used to control judicial discretion."

See, also, Becknell v. State ex rel. Mc-

Riley, 68 Okla. 264, 172 Pac. 1094; Dunham v. Ardery, 43 Okla. 619, 143 Pac. 331.

In Board of Education of the Town of Owasso v. Short, Attorney General, 89 Okla. 2, 213 Pac. 857, we held:

"Although, ordinarily, it is held mandamus will not lie to compel the performance of the duty of an officer not purely ministerial, but in which he exercises judgment and discretion, yet this is not entirely accurate; mandamus, in the absence of other remedy, in an otherwise proper case, may be issued to correct an abuse of discretion, or to compel action where the officer is vested with judgment and discretion, but his action or refusal to act is arbitrary. In a case where there are no disclosures or controverted facts to call for the exercise of discretion and judgment, or in a case where he must exercise judgment and discretion, but he acts arbitrarily, or fraudulently, the writ may be issued to require a proper performance of his duties."

From the foregoing, we must conclude that the simplest and plainest dictates of reason and justice require that the will of the voters of Logan county be respected. The county commissioners, by their resolution and proclamation calling the bond election, obligated themselves to construct all the roads therein designated, and the electors of Logan county, including the plaintiffs herein, relied thereon.

A court of equity will not permit such officials to lure taxpayers and citizens into voting a large bond issue and heavy taxes upon themselves and then ignore and disregard such representations. All the roads so designated must be permanently improved in some manner, but if sufficient funds are available, a more expensive type of road might be constructed where the amount of travel and other conditions would warrant such action in the discretion of the county commissioners.

Some contention is made that the remaining funds are insufficient to construct all the roads designated. This should have been ascertained before expending practically half of the available funds on one road. In addition to this, the commissioners knew, or should have known, in advance the amount of funds that would be required to construct the roads designated in the election proclamation. It appears that they have either been derelict in their duty or were deliberately misleading the voters in order to secure authority for the issuance of bonds. Officials, whose motives in making such improvements may be the highest, oftentimes,

in their zeal to secure the necessary funds through a vote of their constituents, withhold important facts or make promises which, in the very nature of things, are impossible of fulfillment, and to deny the plaintiffs the relief they seek in this case would be to put a premium upon such conduct.

The record herein fails to disclose whether any other of the designated roads have not been constructed, but certainly the plaintiffs herein are entitled to have the pro rata share of the unexpended balance used in the construction of the road from the east line from the city of Guthrie through Meridian.

We, therefore, conclude that the trial court erred in sustaining the demurrer of the defendants to the plaintiffs' evidence, and the cause is reversed and remanded for further proceedings not inconsistent with the views herein expressed.

HARRISON, PHELPS, RILEY, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 15 C. J. p. 584, § 285. (3) 29 C. J. p. 587. § 313 (4) 15 C. J. p. 641. § 353 : 19 R. C. L. p. 1167; 6 R. C. L. Supp. p. 1164 (5) 38 C J. p. 599, § 74; 18 R. C. L. p. 124; 3 R. C. L Supp. p. 786; 4 R. C. L. Supp p. 1178; 5 R. C. L. Supp. p. 974; 6 R. C. L. Supp. p. 1054; 7 R. C L. Supp. p. 591.