Supreme Forest Woodmen Circle, incorporated fraternal benefit organization, and John McGee, a taxpayer on real property in Special School District No. 3, Martin County, for the use and benefit of all taxpayers on real property in Special School District No. 3, Martin County, v. Hobe Sound Company, and Board of Public Instruction for Martin County.

189 So. 249
Division B
Opinion Filed May 16, 1939
Rehearing Denied June 9, 1939

142

*Carroll Dunscombe,* for Appellants;

*Smith & Kanner,* for Appellee.

CHAPMAN, J.—In an amended bill of complaint filed in the Circuit Court of Martin County, Florida, it was shown that the Supreme Forest Woodmen Circle owned bonds in the sum of $18,000.00, $5,000.00 of which was in default, with an additional sum of $1,530.0 as interest, issued by Special School District No. 3 of Martin County, Florida, during the year 1926; and John McGee, a joint party plaintiff, alleged that he was a taxpayer of School District No. 3 of Martin County, Florida. It is alleged the bonds were issued by the School District for the purpose of buying or constructing a school house in the district and that after the bonds were sold the proceeds thereof were unlawfully diverted.

The School Board of Martin County, Florida, in December, 1929, entered into an agreement to purchase from the Olympia Development Corporation a certain building and real estate situated in District No. 3 to be used as a school building for the District for the sum of $10,000.00 and paid the sum of $4,000.00 in cash and the residue, according to the written agreement, was to be paid at deferred dates. The Olympia Development Corporation assigned or transferred the contract for deed obtained by it and bearing the name of Martin County Board of Public Instruction to the Hobe Sound Company. It is alleged that the contract for the deed between the School Board of Martin County and the

Olympia Development Corporation providing for the purchase of the school building for District No. 3 of Martin County is *ultra vires* and void on the theory that the same is not authorized by Section 509 C. G. L. Likewise, the rights of the plaintiff taxpayer were being violated by the Board of Public Instruction in that a diversion of money had been and would continue to be made which should according to law be used to retire the defaulted bonds and interest, but were being unlawfully diverted and paid to Hobe Sound Company, the assignee of the contract for deed embracing the school building for District No. 3.

The lower court sustained motions to dismiss the amended bill made by Hobe Sound Company and the Board of Public Instruction of Martin County upon the theory that there was no equity in the bill and that the plaintiffs had a full and adequate remedy at law. The order of dismissal was appealed from and assigned as error in this Court.

The bill seeks an accounting on the part of the School Board for taxes levied or assessed against property within the district and collected with which to pay the bonded debt of School District No. 3 from November, 1927, to 1936, and that the moneys unlawfully paid by the School Board to Hobe Sound Company under the contract for deed should be by the Hobe Sound Company returned and that the School Board be required to pay the same to the Supreme Forest Woodmen Circle and by it applied on its bonds previously issued by District No. 3 of Martin County. The allegations are insufficient and fail to clearly allege an unlawful diversion of the moneys paid to the School Board by the taxpayers for the purpose of retiring the bonded indebtedness. It is fundamental that funds raised by taxation for one purpose cannot be diverted to another without legislative authority. It is a violation of official duty in

handling public funds for those charged by law with the lawful payment thereof to divert the funds to a purpose contrary to that for which they were raised. See Oven v. Ausley, 106 Fla. 455, 143 So. 588; Keefe v. Cotton, 106 Fla. 733, 143 So. 644.

The allegation that the School Board of Martin County, under Section 509 C. G. L., was without the power or authority to buy the property to be used as a school building situated in the district for the total sum of $10,000.00, and to enter into a binding obligation to pay the remaining sum of $6,000.00 from money to be raised from taxation of the property subject to taxation located within the school district fails to measure up to the standard of good pleading as pointed out by this Court in a number of decisions. In the case of Barton v. Moline Properties, Inc., 121 Fla. 683, 164 So. 551, this Court said:

"It is the settled rule in this, as well as other jurisdictions, that so complete must be the averments of the ultimate facts in a bill of complaint in equity that, on general demurrer to (or upon motion to dismiss it under our new practice) such bill or upon application for a final decree on it after decree *pro confesso,* the Chancellor can, without evidence, perceive the equity of complainant's prayer and be able to affirm that complainant is entitled to the relief prayed; that relief can only be granted in cases in equity upon due allegations as well as proofs, and that the latter will never be allowed to supply omissions or defects in the former. Jackson Realty Co. v. Yeatman, 219 Ala. 3, 121 Sou. Rep. 415; Weatherbee v. Dekle, 102 Fla. 1057, 136 Sou. Rep. 708; Keil v. West, 21 Fla. 508; Lybass v. Fort Myers, 56 Fla. 817, 47 Sou. Rep. 346."

While it is clear on the record here that no error was committed by the lower court in entering an order dismissing the amended bill of complaint, the plaintiffs below

should not be precluded from litigating items appearing in the record, viz.: (a) the contention that the contract of purchase entered into during the month of December, 1929, between the School Board of Martin County and Olympia Development Corporation, and by it assigned or transferred to the Hobe Sound Company, was *ultra vires;* and (b) the contention that money paid to the Board of Public Instruction of Martin County, Florida, by the taxpayers of District No. 3 was unlawfully diverted and will continue to be so diverted when paid for a different purpose for which the money was raised.

The order appealed from is affirmed without prejudice on the part of the appellants, or either of them, to litigate in a court of competent jurisdiction items (a) and (b) last referred to.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.