QUESTION: May the board of trustees of the Washington County Hospital, in its sole discretion, use hospital revenues for "start-up operational capital" for a private nonprofit corporation organized to provide hospital service in Washington County?
SUMMARY: The board of trustees of a county hospital may not divert county hospital funds from those purposes prescribed by law, Ch.155, F.S., and for which such funds were allocated by the board of county commissioners; and the board of trustees has no statutory authority to use hospital revenues for "start-up operational capital" for a private nonprofit hospital corporation incorporated by the members of the board to provide additional hospital service in the county. You state that a private nonprofit hospital corporation has been incorporated by the present members of the board of trustees of the Washington County Hospital (a county hospital organized under Ch. 155, F.S.) and that the facilities of the private hospital corporation will be deeded to "the citizens of Washington County" when debt free. Washington County Hospital funds are public funds which may not be diverted by the board of trustees from the statutorily authorized purposes for which raised by the county. Oven v. Ausley, 143 So. 588 (Fla. 1932); Supreme Forest Woodmen Circle v. Hobe Sound Co.,189 So. 249 (Fla. 1939). While public funds may, under appropriate authority and control, be expended to carry out a public purpose through a private nonprofit corporation, see the cases cited in State v. Jacksonville Port Authority, 204 So.2d at p. 890 (Fla. 1967), I find no such authority here. It is true, as stated by you, that the board of trustees of a Ch. 155, F.S., hospital has "exclusive control of the expenditures of all moneys collected to the credit of the hospital fund." Section 155.10. But there are express statutory limitations upon expenditures from this fund. In AGO 073-164, in ruling that a county hospital's board of trustees had no authority to expend accumulated operating revenues to purchase a nursing home as an addition to the hospital facilities, it was noted that s. 155.11 expressly limits expenditures from the hospital fund to the payment of bills only for materials, supplies, equipment, wages, salaries "or other items of expense. . . ." And, in any event, it is the board of county commissioners of Washington County and not the board of trustees of the Washington County Hospital which is authorized by law to decide whether the physical plant or properties of the county hospital should be expanded and to make the capital acquisitions necessary for that purpose. Attorney General Opinion 073-164, quoting s. 155.25(1); cf. AGO 072-96 relating to the taxing power of the board of county commissioners for the improvement and maintenance of a county hospital. In sum: the board of trustees of the Washington County Hospital has no statutory authority, either express or necessarily implied, to make an official determination as to the need for additional county hospital facilities — much less to divert county hospital funds as "start-up operational capital" for a private nonprofit hospital corporation organized by the members of the board. Edgerton v. International Co. Inc., 89 So.2d 488 (Fla. 1956); Board of County Commissioners of Dade County v. State ex rel. Frazier, 111 So.2d 476 (Fla. 1959); State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (Fla. 1974), cert. dismissed, Florida State Board of Dentistry v. State ex rel. Greenberg, 300 So.2d 900 (Fla. 1974). Your question is, therefore, answered in the negative.