QUESTION:
May the interest earned on the investment of the proceeds of a revenue bond issue in a construction trust fund established by the bond enabling resolution be used by the school board to meet a deficit in its operating budget?
SUMMARY:
Interest earned on the investment of the proceeds of a revenue bond issue deposited in a construction trust fund established by resolution of a district school board may not be lawfully used by the school board to meet a deficit in its operating budget. The proceeds of such revenue bond issue and interest earned thereon may be used only for the projects and purposes defined and designated in the enabling statute and enabling resolution. Any diversion of moneys deposited in such trust fund or accrued interest thereon to any purpose other than those prescribed in the enabling legislation and bond enabling resolution, or in the bonds or certificates issued and sold thereunder, is invalid.
Chapter 72-510, Laws of Florida, authorizes the School Board of Columbia County to institute a capital improvement program for the Columbia County school system. The school board is authorized to acquire, construct, enlarge, improve, furnish, and equip schools and school buildings and to carry out other purposes appurtenant and incidental thereto. The board is authorized to issue not exceeding $3,000,000 interest-bearing revenue certificates to pay for the costs of the capital improvement program. The principal of and interest on the revenue certificates are payable solely from the share of all race track funds and jai alai fronton funds accruing to Columbia County under the provisions of the Constitution of Florida and Chs. 550 and 551, F. S., and allocated by law to the school board.
The act defines the cost of acquisition, construction, furnishing, and equipping of the schools and school buildings to include the cost of acquisition of sites, legal, engineering, fiscal, and architectural studies, surveys, plans, and designs; the expenses of the issuance, authorization, and sale of certificates, including advertisements, notes, and other proceedings in connection therewith; and such other purposes as are necessary, incidental, or appurtenant to the purposes authorized thereunder.
The school board, pursuant to the authority granted by Ch. 72-510,supra, adopted a resolution on September 27, 1973, providing for the acquisition, construction, enlarging, improving, furnishing, and equipping schools and school buildings in the school district and authorizing the issuance of not exceeding $3,000,000 certificates of indebtedness to finance a portion of the cost thereof, subject to the terms and conditions set forth in the resolution. Presumably, the obligations were validated as directed by s. 21 of the enabling resolution, and the validity of the resolution and the revenue certificates has been put in repose.
Section 3.C. of the enabling resolution defines the cost of the projects particularly described in s. 3.A. of the resolution in substantially the same terms as the act. Section 3.A. reserves the right of the school board, in certain circumstances, to allocate additional sums to one of the projects from other projects listed in the resolution and to allocate moneys saved on one project to other projects designated in the resolution. Section 4 specifies that the resolution shall be deemed to be and shall constitute a contract between the school board and the bondholders.
Section 15 of the enabling resolution in pertinent part provides that all of the proceeds derived from the sale of the obligations issued (except certain amounts to be deposited in the sinking fund and the reserve account in the sinking fund) be deposited in the construction trust fund created and established by the resolution and that the moneys deposited therein be used only for the payment of the cost of the project as defined in s. 3 of the resolution. Pending such use of the construction fund moneys, they may be invested in authorized investments in accordance with a schedule to be approved by the consulting engineers and/or architects. Any unexpended moneys in the trust fund after the completion of the projects designated and described in the enabling resolution are to be retained in the construction fund and used for schoolcapital projects as authorized by Ch. 72-510, supra.
It is clear that the resolution does not authorize the use of the interest earned on funds in the construction trust found to meet a deficit in the operating budget of the school board, to defray operating expenses, or for any purpose other than for the cost of capital improvement projects specified in Ch. 72-510, supra. Under the language and terms of the resolution, any interest earned through the authorized investment of the bond proceeds deposited in the construction trust fund attaches or inures to, and is an addition to and for the benefit and use of, the construction trust fund and no other fund or purpose and may be used only for the purposes designated in s. 15 of the enabling resolution. The resolution does not in terms authorize any other use of such increments of interest, nor does it in any manner provide for the flow of such increments out of the construction trust fund or for the transfer thereof to any other fund or account.
The revenue bonds or certificates that were issued and sold under Ch. 72-510, supra, and the enabling resolution constitute a contract between the school board and the bond or certificate holders (see s. 4 of the resolution) that cannot be amended or modified without the written consent of two-thirds of the bondholders (see s. 19 of the resolution). The contract cannot otherwise be impaired by the district school board or the Legislature. See s. 10, Art. I, United States Constitution; s. 10, Art. I, State Const. Any action by the district school board or the Legislature to divert any part of the construction trust fund, including any increments of interest accruing to and for the benefit of such trust fund, to any use or purpose other than those designated in Ch. 72-510, supra, and in the enabling resolution is invalid. See AGO's 067-41, 072-171, 071-300, 074-329, and 075-92; Miami Bank Trust Co. v. Board of Public Instruction of Broward County, 80 So. 307 (Fla. 1918); Oven v. Ausley, 143 So. 588 (Fla. 1932); and Bigham v. State, 156 So. 246 (Fla. 1934). It is a violation of an elemental principle in the administration of public funds for one who is charged with the trust of their proper expenditure not to apply those funds to the purposes for which they are raised. Dickinson v. Stone, 251 So.2d 268, 273 (Fla. 1971); Supreme Forest Woodmen Circle v. Hobe Sound Co.,189 So. 249, 250 (Fla. 1939); Oven v. Ausley, supra, at p. 589; Taylor v. Williams, 196 So. 214, 217 (Fla. 1940).
I conclude that no part of the construction trust fund in question, including any interest accruing to and for the use and benefit of the trust fund, may lawfully be used to meet a deficit in the school board's operating budget. Any diversion of such trust funds or the accrued interest thereon to any purpose other than those prescribed in Ch. 72-510, supra, and the enabling resolution, or in the bonds or certificates issued and sold thereunder, is invalid.
Prepared by: Caroline C. Mueller Assistant Attorney General David Slaughter Legal Research Assistant