Mr. Richard A. Mullaney General Counsel City of Jacksonville 117 West Duval Street, Suite 480 Jacksonville, Florida 32302
Dear Mr. Mullaney:
Your office has asked substantially the following questions:
1. May the county determine the offenses for which the $3 assessment authorized by section 938.19, Florida Statutes, may be imposed?
2. May the funds received from the $3 assessment pursuant to section 938.19, Florida Statutes, be applied to other programs or go into the county's general revenue fund?
In sum:
1. Section 938.19, Florida Statutes, does not authorize the county to choose the offenses for which the $3 assessment authorized by section 938.19, Florida Statutes, may be imposed; rather, the statute specifies those offenses for which the assessment will be imposed.
2. Section 938.19, Florida Statutes, requires that funds received from the $3 assessment be deposited into an account specifically for the operation and administration of the teen court and does not authorize application of the funds to other programs or to the county's general revenue fund.
Question One
Section 938.19, Florida Statutes, authorizes a county in which a teen court has been created to "adopt a mandatory cost to be assessed in specific cases as provided for in subsection (1) [of section 938.19] by incorporating by reference the provisions of this section in a county ordinance."[1]
Subsection (1) of section 938.19, Florida Statutes, provides:
"A sum of $3, which shall be assessed as a court cost by both thecircuit court and the county court in the county against everyperson who pleads guilty or nolo contendere to, or is convictedof, regardless of adjudication, a violation of a state criminalstatute or a municipal ordinance or county ordinance or who pays afine or civil penalty for any violation of chapter 316. Any person whose adjudication is withheld pursuant to the provisions of s.318.14(9) or (10) shall also be assessed such cost. The $3 assessment for court costs shall be assessed in addition to any fine, civil penalty, or other court cost and shall not be deducted from the proceeds of that portion of any fine or civil penalty which is received by a municipality in the county or by the county in accordance with ss. 316.660 and 318.21. The $3 assessment shall specifically be added to any civil penalty paid for a violation of chapter 316, whether such penalty is paid by mail, paid in person without request for a hearing, or paid after hearing and determination by the court. However, the $3 assessment shall notbe made against a person for a violation of any state statutes,county ordinance, or municipal ordinance relating to the parkingof vehicles, with the exception of a violation of the handicappedparking laws. The clerk of the circuit court shall collect the respective $3 assessments for court costs established in this subsection and shall remit the same to the teen court monthly, less 5 percent, which is to be retained as fee income of the office of the clerk of the circuit court." (e.s.)
Section 938.19(1), Florida Statutes, thus prescribes that the court "shall" assess and the clerk "shall" collect a sum of $3 against every person who pleads guilty or nolo contendere to, or is convicted of, regardless of adjudication, a violation of a state criminal statute or a municipal ordinance or county ordinance or who pays a fine or civil penalty for any violation of Chapter 316, Florida Statutes (other than parking offenses except for handicapped parking violations).[2]
The word "shall" when used in a statute has, according to its normal usage, a mandatory connotation.[3] Nothing in the statute grants a county the discretion to decide the type of offenses for which the mandatory assessment may be imposed. The statute itself specifies the offenses for which the mandatory assessment will be imposed.
Moreover, where the Legislature has directed how a thing is to be done, the statutorily prescribed manner operates to preclude its being done in any other way.[4] Thus, while a county in which a teen court has been established is authorized by section 938.19, Florida Statutes, to enact an ordinance adopting the provisions of section 938.19(1), Florida Statutes, to impose a mandatory court cost of $3, section 938.19 prescribes the offenses for which the mandatory cost may be imposed.
Accordingly, I am of the opinion that section 938.19, Florida Statutes, does not authorize the county to choose the offenses for which the $3 assessment authorized by section 938.19, Florida Statutes, may be imposed; rather, the statute specifies those offenses for which the assessment will be imposed.
Question Two
Section 938.19, Florida Statutes, also governs the expenditure of the mandatory assessment collected under its terms. The statute requires that assessments collected by the clerk of the circuit court pursuant to section 938.19 "shall be deposited into an account specifically for the operation and administration of the teen court." Section 938.19 thus directs the use of the funds collected.
As the Supreme Court of Florida stated in Dickinson v. Stone,[5]
"[i]t is a violation of an elemental principle in the administration of public funds for one who is charged with the trust of their proper expenditure not to apply those funds to the purposes for which they are raised." Moreover, as discussed in Question One, when the controlling law directs how a thing is to be done, that is, in effect, a prohibition against its being done in any other way.[6]
Accordingly, I am of the opinion that section 938.19, Florida Statutes, requires that the funds received from the $3 assessment be deposited into an account specifically for the operation and administration of the teen court and does not authorize the funds to be applied to other programs or to the county's general revenue fund.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Teen courts may also be funded by such other moneys as become available for establishing and operating teen courts under the provisions of Florida law. See, s. 938.19(2), Fla. Stat.
[2] Cf., Op. Att'y Gen. Fla. 97-71 (1997) in which this office concluded that after October 1, 1996, s. 318.121, Fla. Stat. (1996 Supp.), prohibited the addition of the court cost for teen court to civil traffic penalties imposed under Ch. 318, Fla. Stat. Section 938.19, Fla. Stat., however, was subsequently amended to provide for the imposition of such cost "[n]otwithstanding s.318.121[.]" See, s. 2, Ch. 98-207, Laws of Fla.
[3] See, e.g., Drury v. Harding, 461 So.2d 104 (Fla. 1984);Holloway v. State, 342 So.2d 966 (Fla. 1977); Concerned Citizensof Putnam County for Responsive Government, Inc. v. St. JohnsRiver Water Management District, 622 So.2d 520 (Fla. 5th DCA 1993) (although not fixed, construction of word "shall," it is normally meant to be mandatory in nature); Ops. Att'y Gen. Fla. 98-43 (1998) and 95-20 (1995).
[4] See, Alsop v. Pierce, 19 So.2d 799 (Fla. 1944) (express statutory direction as to how a thing is to be done is implied prohibition of its being done in any contrary manner).
[5] 251 So.2d 268, 273 (Fla. 1971) (unless otherwise expressly provided by law, appropriated money must be expended only for the purpose for which it was appropriated). And see, Taylor v.Williams, 196 So. 214 (Fla. 1940); Supreme Forest Woodmen Circlev. Hobe Sound Co., 189 So. 249 (Fla. 1939) (funds raised by taxation for one purpose cannot be diverted to another without legislative authority and it is a violation of official duty in handling public funds for those charged by law with the lawful payment thereof to divert the funds to a purpose contrary to that for which they were raised).
[6] See, Alsop v. Pierce, supra; Thayer v. State, 335 So.2d 815
(Fla. 1976) (a legislative direction as to how a thing is to be done is, in effect, a prohibition against it being done in any other way). And see, Ops. Att'y Gen. Fla. 00-37 (2000) (expenditure of funds strictly limited to those purposes and projects recognized by the statute), and 00-25 (2000) (specific enumeration in statute of those projects for which tourist development tax revenues may be spent implies the exclusion of others).