**STATE ex rel. WHITSON et al. v. BOARD OF COM'RS OF ELLIS COUNTY.**

No. 7907—Opinion Filed June 19, 1917.

(166 Pac. 423.)

**1. Mandamus — Issues — Motion to Quash Petition—Effect.**

Strictly speaking, issues in mandamus cannot be joined until the alternative writ is is-

sued. The alternative writ takes the place of both the petition and the summons in an ordinary civil action. However, when the relator files a verified petition asking for mandamus upon which an order to show cause is granted and the respondent files motion to quash on the ground that neither the order to show cause nor the petition on which same was granted states a cause of action, the petition and motion will be treated as pleadings in an ordinary civil action, except that, as under the statutes, the only pleadings allowed in mandamus are the alternative writ and answer, such motion will be held to be an answer, challenging alone the sufficiency of the petition and the order to show cause.

**2. Same—Admissions—Cause of Action.**

If a petition for mandamus shows that a county of this state has been legally divided into stock districts, and that as many as one-fourth of the legal voters, residents of any one of such stock districts, legally created, named, and defined, have duly presented to the board of county commissioners a petition, which is in due form and signed by each of said petitioners, asking that an election be called in said district submitting a question of police regulation, authorized by statute to be submitted, concerning the running at large of live stock in said district, and that the board of county commissioners, unlawfully and without excuse, disallowed said petition and refused to submit such question, and it appears that the board of county commissioners, in response to an order to show cause, filed as the only pleading of respondents a motion to quash on the grounds that neither the order to show cause nor the petition states a cause of action, the allegations of the petition will be taken as admitted. Such petition for mandamus states a cause of action, and the writ will be awarded.

(Syllabus by Stewart, C.)

Error from District Court, Ellis County; T. P. Clay, Judge.

Action in mandamus by the State of Oklahoma, on the relation of H. O. Whitson and others, against the Board of County Commissioners of Ellis County. From a judgment of dismissal in favor of the respondent, Board of County Commissioners, relators bring error. Reversed and remanded, with instructions.

C. B. Leedy, for plaintiffs in error.

Frank E. Ransdell, for defendant in error.

Opinion by STEWART, C. The parties will hereinafter be refered to as relators and respondent respectively.

The relators filed motion supported by affidavit, which they style "petition," in the district court of Ellis county for mandamus against the board of county commissioners

of said county, and on the 18th day of September the judge of said court granted an order to show cause why the writ of mandamus should not be allowed, the same being duly served on the respondent; the alternative writ was not issued. The respondent appeared and filed what it denominates "motion to quash," which reads as follows:

"Comes now the above-named defendant and moves the court to quash the pretended order herein granted on the 18th day of September, 1915, for the reason that neither the same nor the petition on which the same was granted states a cause of action against said defendants."

Nothing further in the nature of pleadings was filed by either party. A hearing being had, the court treated the motion to quash as a demurrer, sustained the same, and dismissed the action at the cost of plaintiff, to which order and judgment exceptions were saved and relators appeal to this court. Under section 4909, Rev. Laws 1910, the court may, upon a prima facie showing, issue an alternative writ, which writ—

"must state concisely the facts, showing the obligation of the defendant to perform the act, and his omission to perform it, and command him that immediately upon receipt of the writ, or at some other specified time, he do the act required to be performed, or show cause before the court whence the writ issued, at a specified time and place, why he has not done so."

Section 4911, Rev. Laws 1910, authorizes the court in the exercise of its discretion to grant an order to show cause why the writ should not be issued. In the case at bar, the court acted under the authority of section 4911, supra, and granted an order to show cause. In Rider v. Brown et al., County Commissioners, 1 Okla. 244, 32 Pac. 341, speaking of an order to show cause, the court says:

"The order above stated was in no sense a writ. It was neither signed nor sealed by the clerk, and was never intended to be a writ, but was a preliminary order to enable the defendants to show why a writ should not be issued."

Therefore, strictly speaking, the issues cannot be joined in mandamus until the alternative writ is issued. The petition or motion and affidavit for the writ is merely ex parte. Fisher v. City of Charleston, 17 W. Va. 595. The alternative writ takes the place of both the petition and the summons required in an ordinary civil action. However, it is said (Rider v. Brown et al., County Commissioners, 1 Okla. 246, 32 Pac. 342, supra):

"The motion to quash was in the nature of a demurrer to the sufficiency of the affidavit, and of the order, and was so treated by the court, and was so treated on the argument of the case, and will be so treated in this opinion."

In Ellis et al. v. Armstrong et al., 28 Okla. 311, 114 Pac. 327, this court says:

"As Wilson's St. Okla. 1903, §§ 4888 and 4890, provide that the motion for a writ must be made upon affidavit, that the court may require notice of the application to be given to the adverse party, who may show cause by answer as to a petition in a civil action, and that no pleading or written allegation other than an answer is allowed, the effect of defendants' appearance was a waiver of the alternative writ and a rule to show cause, and the demurrer must be treated as an answer to a petition in a civil action."

Of course, it will be borne in mind that sections of Wilson's Statutes of Oklahoma, to which reference is made, are embodied in Revised Laws 1910, and are still in force in this state. In the instant case the petition of relators and the motion to quash will be treated as the petition and answer in an ordinary civil action.

The next question to consider is whether the facts recited by relators in their petition authorize the awarding of the writ. The relators show by their verified petition that they are residents, citizens, qualified electors, taxpayers, and property owners within stock district No. 9 of Ellis county, Okla., and that they bring the action on behalf of themselves and 44 other taxpayers, residents, property owners, and qualified voters of such stock district. The petition sets out and defines by metes and bounds such stock district, and alleges that Ellis county has been divided into stock districts, and that stock district No. 9 legally exists in said county: that on August 26, 1915, the relators and those for whom they are bringing the action signed the petition, as authorized by law, requesting the board of county commissioners of said county to submit to the legal voters of such stock district the following question of police regulation, to wit:

"Shall all domestic animals, except jacks and stallions, be permitted to run at large within said district?"

It is alleged that the petition requesting the ordering of such election was signed by more than 25 per cent., in fact, more than 50 per cent., of the legal voters, residents of such stock district, and that the same was duly filed on September 4, 1915, with the county clerk; that the respondent, board of county commissioners, did on September 11, 1915, disallow said petition, and did unlawfully and without excuse refuse to call the-

election asked for. The relators pray that the board of county commissioners, naming the members of such board, be ordered to reconvene, and as such board to reconsider said petition for election and call a special election in said stock district No. 9, as provided by section 142, Rev. Laws 1910, and that said board be commanded to do other things named, necessary in the premises, as required by law. ·Copy of petition for the election is attached to the petition for mandamus and made a part thereof; the same appears to be in legal form and purports to be signed by more than 50 per cent. of the legal voters of such district. It appears that the only action taken by the board of county commissioners was the indorsing on the petition for the election, words and figures, as follows: "Disallowed, 9/11/1915. George H. Baldwin, Chair." From indorsements thereon by the county clerk it appears that the same was duly filed.

Mandamus lies to compel any inferior tribunal, corporation, board, or persons t/ perform any act which the law specially enjoins as a duty resulting from an office, trust. or station, but the remedy cannot be used to control judicial discretion. Mandamus is sometimes loosely treated in opinions of the courts as if it were an equitable remedy. It is not equitable in its nature, but is an extraordinary legal remedy. It only lies where a clear and undisputable legal duty exists to perform an act, and cannot be invoked where there is a plain, adequate, and speedy remedy in the ordinary course of law.

The statutes provide for the division of the county into stock districts upon the application of 25 per cent. of the homesteaders or freeholders, legal voters, and residents of the county. After the establishing of stock districts, one-fourth of the legal voters, residents of any stock district so established, may petition in writing the board of county commissioners for an election in such district, at which election one or more of several questions concerning the restraining of the running at large of stock in such district shall be submitted to the legal voters of such district. Section 142, Rev. Laws 1910, reads:

"When a petition for election is presented, it shall be the duty of such board of county commissioners to submit to the legal voters of such district, at a special election, to be called by such board as hereinafter provided, the question or questions by such petition presented."

It follows that, when a petition is presented as required by law, a clear legal duty rests upon the board of county commissioners to call the election for the purpose named. From the verbiage of the section quoted it would appear that when a petition is presented to the board in due form showing on its face that same is signed by as many as one-fourth of the qualified voters of a stock district asking for the election, the board would have no discretion. Assuming, however, that the duty would rest upon the board to determine upon investigation whether or not the petition contained the signatures of the required number of resident voters of the district, it must follow that, if the admitted facts in a particular case are that the peti-· tion is so signed, nothing is left for the board to do but to perform the purely ministerial act of calling the election. It is said in 26 Cyc. 192, that:

"Where a duty is imposed on a judge or tribunal and no discretion as to its performance given, performance may be compelled by mandamus. And where any tribunal in which discretionary power is lodged has exercised its discretion so far as the exercise is necessary in a particular case, and has given its conclusions upon the facts before it, what remains to be done to make its conclusions effective is purely ministerial, and mandamus will lie to compel its performance."

In State of Kansas ex rel. v. Commissioners, 35 Kan. 150, 10 Pac. 535, an original proceeding in mandamus, the power of the court to compel the board of county commissioners to call a special election in a township to submit to the voters of the township the proposition of subscribing to the capital stock of a railroad company, under a law of the state authorizing the calling of an election for ·such purpose on a petition being presented and signed by a certain number of qualified petitioners, was considered. The admitted facts were:

"That the petition was properly presented, duly canvassed, and found to contain the requisite number of legal petitioners."

The court held that, such facts being admitted, it was clearly the legal duty of the commissioners to call the election, and ordered the issuing of the peremptory writ of mandamus. In Peed v. Gresham, 53 Okla. 205, 155 Pac. 1179, Mr. Justice Kane, speaking for this court, says in the syllabus:

"But where an inferior officer is vested with the exercise of discretion or judgment, his duties are clear, and there are not sufficient controverted facts to call for the exercise of discretion and judgment, or when such officer acts arbitrarily or fraudulently, a writ of mandamus may be issued to require the performance of his duty."

We are of the opinion that the petition for mandamus in the instant case sets forth facts which, if true or admitted to be true,

would make it the clear and undisputable legal duty of the respondent to call the special election. In Ellis et al. v. Armstrong et al., supra, Mr. Justice Turner says in the syllabus:

"Where, in mandamus, pursuant to Wilson's St. Okla. § 4888, defendants, by appearing, waive the issuance of the alternative writ and the rule to show cause, and demur, the court will treat such pleading as an answer admitting the facts recited in the motion, and apply the law thereto."

The law is stated by Commissioner Collier in the syllabus of Thompson v. State, 54 Okla. 647, 154 Pac. 508, as follows:

"The only defense that can be interposed to a petition for writ of mandamus is by answer. Where a demurrer is interposed to a petition for writ of mandamus, the same will be treated as an answer, and the allegations of the petition thereby admitted to be true."

The respondent, resting the defense in the instant case upon the so-called motion to quash, which was in the nature of a demurrer, and was so treated, and offering no further defense, either by way of denial or by affirmative pleading, and the petition for mandamus being sufficient to show a clear legal duty, resting upon the respondent to call the election, the trial court should have ordered the peremptory writ to issue.

Before making final disposition of the matters involved, we wish to consider each of the questions raised by the respondent. All of the contentions made are summarized by respondent in the brief filed as follows:

"1. The allegations of the petition do not show that it was the duty of the board of commissioners to call the election. In that, they do not clearly show that said stock district existed at the time the petition for an election was filed."

"2. Even though the allegations of the petition were sufficient to show that it was the duty of the board of county commissioners to call the election, the remedy of relator is by an appeal from the decision of the board in refusing to call the election and not by mandamus."

"3. Two only of the 46 taxpayers who petitioned for said election cannot maintain this suit."

The relators make the following allegations as to the existence of the stock district:

"Petitioners further allege and state that on the 8th day of April, A. D. 1914, the honorable board of county commissioners of Ellis county, Okla., upon a proper petition duly filed and presented to them as required by law did establish, lay out and define the several stock districts of Ellis county, Okla., and did divide said county into stock districts as required by law; and further state that the stock district No. 9 is one of the stock districts so established by the said board of county commissioners as aforesaid; that said stock district No. 9 is of record in the office of the county clerk and in the journal of the board of county commissioners, and is a valid and existing stock district within said county."

The allegations are more specific than legally necessary. The relators are not required to set forth all the steps taken and all the acts of the board in establishing stock district No. 9 any more than it would be necessary in a pleading, in which it was proper to allege the existence of a county, an incorporated town, or an election precinct, to set forth all the acts showing the legal creation of such political instrumentalities. The allegation of the existence of a political subdivision is presumed to be true unless denied. But the respondent argues that the refusal of the board to call the election was, in effect, a quasi judicial finding of the board that the stock district involved did not exist; that, in the absence of the appeal, such finding was final and for such reason the petition fails to state a cause of action. The board of county commissioners have no jurisdiction to inquire into the de jure existence of a subdivision of the county, even though same was created by action of such a board. The existence of the stock district does not depend on any disputed question of fact. The district either exists or it does not exist. If it does not exist, a petition filed on the theory of such existence could be treated as a nullity. The board is charged with notice of such existence or the lack of same. It would be manifestly improper to hold that each time a petition was presented from a stock district in the county for an election that the board had the judicial or quasi judicial power to inquire into such existence. With the shifting personnel of successive boards the holdings would, no doubt, vary as the changing colors of the chameleon. If stock district No. 9 does not in fact exist, such nonexistence would be a complete defense to the mandamus proceedings, and could be offered as such by respondent. If it should happen that steps were taken and acts done toward the formation of such stock district, and the proceedings on their face were void, then no stock district exists, but not so if merely voidable, and the right of existence should depend upon disputed questions of fact. As to the suggestion of respondent that relators' remedy is by appeal, we may say that, if the admitted facts show a clear legal duty, an appeal, assuming that same would lie, would be an unnecessary and uncalled for hardship and delay, especially in view of the

uniform holding of the courts that mandamus may be invoked under such state of facts.

As to the proposition that 2 of the 46 taxpayers cannot maintain this suit, the relators in their petition for mandamus clearly show that they have such an interest in the matters involved that they can, as such relators, maintain the action in the name of the state. They allege that they bring the action on their own behalf and on behalf of others interested. In our opinion they could maintain the action for themselves without mention of others interested if they saw proper to do so, and such objection of the respondent is without merit. The trial court would have been warranted in awarding the peremptory writ, but the respondent's brief calls attention to the fact that the relators in the petition in error only pray for the alternative writ.

The judgment of the trial court is therefore reversed, with instructions to order the issuance of the alternative writ in the manner prescribed by law and in accord with the views herein expressed, and that further proceedings be had not inconsistent with this opinion.

By the Court: It is so ordered.