P. A. DALE and Ernest W. Schein, Appellants,

v.

The CITY OF YUKON, Appellee.

No. 53673.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 16, 1980.

Released for Publication by Order of Court of Appeals Oct. 16, 1980.

John B. Ogden, Oklahoma City, for appellants.

Jerry D. Balentine, Yukon, for appellee.

REYNOLDS, Presiding Judge:

This is an appeal from the trial court's sustention of a demurrer to Plaintiff's Second Amended Petition. P. A. Dale and Ernest W. Schein are the Plaintiffs–Appellants and The City of Yukon is the Defendant–Appellee.

Plaintiffs filed their Second Amended Petition in which they sought relief in the nature of a mandatory injunction. Plaintiffs alleged that they were interested in, and operated farms located along a creek; that a drainage ditch was dug along the course of that creek to the North Canadian River; that the ditch is approximately 20–35 feet wide and 10–15 feet deep; that the property including the ditch became a part of The City of Yukon on April 7, 1962; and that the ditch has become filled with weeds, other growth, and rubbish.

Plaintiffs alleged that their property has been damaged as the result of water overflowing the banks of the ditch and that such damage will continue to occur after heavy rains as long as the ditch remains filled with the weeds, other growth, and rubbish.

Plaintiffs alleged that it was the duty of The City of Yukon to maintain this ditch in a reasonable manner as to properly convey the water to the North Canadian River; that this duty to maintain includes, if necessary, the duty to dig the ditch to a depth and width, with slanted sides and no corners, so that the water would flow freely down the ditch; that the Defendant has been negligent in permitting the ditch to become filled with various discarded items, and that as a result of Defendant's actions water has been diverted from the ditch and out onto Plaintiffs' land, thereby damaging Plaintiffs.

Plaintiffs alleged that they had no right or duty to clean the ditch because the "ditch is within The City of Yukon and the duty thereby is required to maintain said ditch in a reasonable manner."

Plaintiff's Second Amended Petition contains allegations that Plaintiffs have no plain and adequate remedy at law and that they will suffer irreparable injury and damage unless the Defendant is ordered to perform its duty and take what action is necessary to permit the free flow of water through the ditch.

Defendant filed a demurrer to the Second Amended Petition on the grounds that it did not state facts sufficient to state a cause of action against Defendant. The trial court sustained the demurrer. Plaintiffs elected to stand on their Second Amended Petition and have perfected this appeal.

A demurrer tests the legal sufficiency of the petition to state any cause of action, not just the one denominated by a plaintiff. *Ionic Petroleum Limited v. Third Finance Corp.*, Okl., 411 P.2d 492 (1966); *Kelough v. Neff*, Okl., 382 P.2d 135 (1963). In the face of a demurrer all well pleaded allegations of fact together with all inferences which may be reasonably drawn therefrom must be taken as true. However a demurrer does not admit conclusions of fact or law. *Turner v. Rector*, Okl., 544 P.2d 507 (1975). If the plaintiff is not entitled to any relief under the facts alleged in his petition, a demurrer thereto should be sustained. *Mahoma Oil Co. v. Ambassador Oil Corp.*, Okl., 424 P.2d 950 (1970).

A mandatory injunction is an extraordinary remedial process. It commands the performance of some positive act. *Peck v. State ex rel. Dept. of Highways*, Okl., 350 P.2d 948 (1960). While generally governed by the same rules applicable to the granting of preventative injunctions, the rules are more strictly construed when applied to the granting of a mandatory injunction. 43 C.J.S. *Injunctions*, § 8. The applicant must show a violation of a clear legal right and a case of extreme necessity and hardship. *Thompson v. North*, Okl., 129 P.2d 1011 (1942). Petitions seeking injunctive relief are subject to demurrers. *Board of Governors of Registered Dentists v. Melton*, Okl., 428 P.2d 205 (1967).

Plaintiffs alleged that it is Defendant's duty to maintain the ditch in a reasonable manner. Plaintiffs have failed in both their Second Amended Petition and in their appellate brief to provide this Court with a citation of legal authority placing upon Defendant the duty to repair or maintain the ditch. Our research reveals no such authority. Plaintiffs' allegations therefore constitute conclusions of law. Plaintiffs have failed to meet their burden of alleging a violation of a clear legal right, therefore the cause of action for mandatory injunction must fail.

In their appellate brief Plaintiffs contend: that their suit, denominated an action for mandatory injunction, was in actuality an action for mandamus; under the provisions of Title 12 O.S.1971, § 1451 *et seq.* a demurrer is not a permitted pleading; that only the petition and answer are proper pleadings in such action; and that when a demurrer is filed it is treated as an answer which admits the truth of the factual allegation in the petition and invokes the application of the law thereto by the trial court. Thus, the trial court erred in sustaining a demurrer to their petition. We find this contention to be without merit.

Mandamus is an extraordinary equitable remedy. It is a remedy controlled by statute. An action in mandamus is instituted by the filing of a motion seeking the issuance of a writ. The motion must be made upon affidavit. Title 12 O.S.1971, § 1455. The movant must allege: (1) a clear legal right on his own part to have the things done which are asked for, (2) the clear and indisputable legal duty of respondent to do the things he is called upon to do, and that it is a nondiscretionary act; or he must allege an arbitrary, capricious, or unreasonable action done under the guise of the exercise of discretion by the respondent that amounts to an abuse of discretion, (3) that the writ will afford movant an adequate remedy, and (4) the inadequacy of any other remedy. *State ex rel. Westbrook v. Oklahoma Public Welfare Commission*, Okl., 167 P.2d 71 (1946); *Purcell–Lexington Tool Bridge Co. v. Leeper*, Okl., 296 P. 969 (1931).

An examination of the record herein presented wholly fails to support Plaintiffs' allegation that this was in actuality a mandamus action. Plaintiffs' Second Amended Petition is totally devoid of any request for the issuance of an alternative or peremptory writ. It is not submitted upon affidavit and fails to allege a clear and indisputable legal duty by Defendant to perform as sought and that such performance is nondiscretionary. These defects alone are fatal to Plaintiffs' contention.

Assuming that these defects are not present, Plaintiffs would still not pre-

vail in this appeal. In a mandamus action there are only two pleadings permitted by statute—the writ and the answer. The writ constitutes the initial pleading and further takes the place of a summons when served upon the Defendant. No writ endorsed by the trial judge appears of record. Thus the hearing at which the trial court sustained Defendant's demurrer must have been a show cause hearing permitted under Title 12 O.S.1971, § 1455. The purpose of such hearing was to permit Defendant to show cause why the writ should not be allowed. At the show cause hearing it was the trial court's duty to search the petition—motion to ascertain whether it stated facts sufficient prior to issuing the writ. *Regents of State University v. Trapp*, Okl., 113 P. 910 (1911). The trial court in sustaining Defendant's demurrer found that Plaintiffs' Second Amended Petition did not state facts sufficient and refused to issue the writ. The issuance of a writ of mandamus is left to the sound equitable discretion of the trial court. *Fears v. Cattlemen's Inv. Co.*, Okl., 483 P.2d 724 (1971). In cases of equitable cognizance this Court will examine the record presented and draw its own conclusions but the judgment of the trial court will not be disturbed on appeal unless there has been an abuse of discretion. We would find no abuse of discretion.

AFFIRMED.

BOX and ROMANG, JJ., concur.