RAY v. STITT
2023 OK CIV APP 9
Case Number: 120547
Decided: 03/01/2023
Mandate Issued: 03/30/2023
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2023 OK CIV APP 9, __ P.3d __

 

LANCEY DARNELL RAY, Petitioner/Appellant,
v.
KEVIN STITT, Governor for the State of Oklahoma; TOM BATES, Director for the Oklahoma Pardon and Parole Board, Respondents/Appellees.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE RICHARD C. OGDEN, TRIAL JUDGE

REVERSED AND REMANDED

Lancey Darnell Ray, Granite, Oklahoma, Pro Se

Katie A. Wilmes, ASSISTANT ATTORNEY GENERAL, Oklahoma City, Oklahoma, for Respondents/Appellees

GREGORY C. BLACKWELL, PRESIDING JUDGE:

¶1 Lancey Ray appeals the district court's dismissal of Ray's action, which sought a writ of mandamus directing the respondents to initiate parole hearings for "all nonviolent offenders ... who are within six (6) months of their scheduled release," pursuant to 57 O.S. § 37

BACKGROUND

¶2 In April 2021, Ray filed a case-initiating motion seeking an alternative writ of mandamus in which he argued that certain inmates were legally entitled to consideration for parole under 57 O.S. § 37

¶3 In May 2021, the court entered an order requiring Ray to give notice of his motion to the respondents. The order states: "Petitioner shall give Notice of this Motion by serving a copy of the same upon the respondents in accordance with the law. Failure to give notice of petitioner's motion may result in the dismissal of the same." R., Doc. 3, Order Requiring Notice to be Given to Respondent, pg. 1.

¶4 Approximately one month later, Ray responded by stating he had given notice "by delivering copies of [his motion] to the North Fork Correctional law library supervisor ... for mail to counsel of the defendants named therein." R., Doc. 4, Re: Order of the Court in a Civil Action filed by an Inmate, pg. 1.

¶5 Ten months later, on April 6, 2022, the trial court issued an order noting that Ray did not appear to have served the respondents in accordance with the court's May 2021 order. The order stated: "The Plaintiff is Ordered to provide the Defendants/Respondents notice of this action in accordance with State statutes within thirty (30) days of this Order or Plaintiff's case will be dismissed on the thirty-first day following this order." R., Doc. 7, Order, pg. 1 (capitalization modified).

¶6 In response, Ray filed his Notice of Pending Action for an Alternative Writ of Mandamus. R., Doc. 8. In that document, Ray again notes that he believed he had already complied with the district court's prior notice requirement by mailing a copy of the motion to the respondents. Id. at 2 (footnote 2). Additionally, the document is directed "to" each of the defendants, notes the existence of the suit against the defendants, including a caption and case number, and contains a certificate of service in which Ray certifies that a copy of the Notice was mailed to each respondent, as well as the Attorney General. Id. at 1-3.

¶7 On June 1, the district court ordered Ray's case dismissed without prejudice. Ray filed a motion to vacate this decision on June 13, which the court denied. Ray timely appealed the order of dismissal.

STANDARD OF REVIEW

¶8 Our review of an order of dismissal is de novo. Cole v. Bank of America, 2022 OK 96521 P.3d 800de novo review, "[w]e implement plenary, independent, and non-deferential examination of the rulings below." Id.

ANALYSIS 

¶9 The single question presented is whether Ray's motion was properly dismissed for failure to follow the trial court's order that he notify the respondents "in accordance with State statutes." For the following reasons, we find that the notice provided by Ray satisfied the trial court's demand and that the dismissal was therefore improper.

¶10 Mandamus is an extraordinary equitable remedy controlled by statute. Dale v. City of Yukon, 1980 OK CIV APP 55618 P.2d 95412 O.S. § 1455Dale at ¶ 12. Upon the presentation of such a motion, the court has three options. The court may (1) require notice of the motion to be given to the respondents, (2) enter an order to show cause why the writ should not be allowed, or (3) grant the writ without notice. Id. Under the third option, where an alternative writ is granted, the defendant is required either to comply with the writ, or--alternatively--to appear before the court at a specified date and time and show cause why the defendant has not complied. Id. § 1453. If this third option is chosen, the writ, in effect, becomes the petition and summons, which must be served personally upon the defendant. Id. § 1456; Dale, ¶ 14 ("The writ constitutes the initial pleading and further takes the place of a summons when served upon the Defendant."); State ex rel. Whitson v. Bd. of Com'rs, Ellis County, 1917 OK 331166 P. 423

¶11 Here, we are presented with the question of what form of notice is required or may be ordered when the trial court chooses the first option above. Respondents' interpretation is that such notice necessarily implicates the requirements of 12 O.S. § 2004See Response to Petition in Error, pg. 3 ("In Oklahoma, before any legal right to relief may attach, a plaintiff must--at a minimum--serve the defendant with a summons and petition."). The trial court's order, while not specifically embracing this proposition, can only be understood to endorse it. For the following reasons, we find it a misinterpretation of law.

¶12 First, this interpretation is contrary to the plain wording of the mandamus statutes and would significantly thwart their purpose. The unique statutory procedure of mandamus makes no mention of how notice, if it is ordered, must be given. And if service of a petition and summons is required before relief can be granted at all, the trial court's option to simply grant the writ is entirely eliminated.

¶13 The statute does not mandate "service," and "notice" and "service" are not synonymous. Rather, 12 O.S. § 1455

¶14 The trial court appears to have operated under an interpretation that only one method of service was available to Ray "in accordance with State law"--that provided by 12 O.S. § 2004certified mail (return receipt requested and delivery restricted to the addressee). As Ray "served" only by first class mail, the court apparently found that Ray had failed to follow its order. We agree that if service via § 2004 was required, Ray's notice was plainly insufficient.

¶15 State law, however, also provides for "service" of a "motion" pursuant to 12 O.S. § 2005at all. It is not until the writ is allowed that it must be "served personally upon the defendant." 12 O.S. § 1456

¶16 Section 2005 provides that service of "every written notice" may be accomplished "by mailing it ... to the attorney or the party at the last-known address of the attorney or the party ...." Id. § 2005(B). The currently undisputed record shows that Ray did just this. As such, Ray complied with the court's order to notify the defendants of the action in accordance with state law. The court thereby erred in dismissing Ray's action for want of the ordered notice.

CONCLUSION

¶17 Ray gave notice in accordance with state law and thereby complied with the trial court's order. If the court intended to restrict the form of notice to service pursuant to § 2004, due process required the court to have articulated this restriction. We therefore reverse the court's dismissal of Ray's motion for alternative writ of mandamus and remand for further proceedings consistent with this opinion and the provisions of Chapter 26 of Title 12.

¶18 REVERSED AND REMANDED.

FISCHER, J., and BARNES, V.C.J. (sitting by designation), concur.

FOOTNOTES

See Indep. Sch. Dist. # 52 of Oklahoma Cnty. v. Hofmeister, 2020 OK 56473 P.3d 475

Petition in error, pg. 1. Whether he appealed just the order of dismissal or also the order denying his motion to vacate makes no meaningful difference here. See Reeds v. Walker, 2006 OK 43157 P.3d 100de novo review of the summary adjudication's correctness.").

12 O.S. § 2004