OSCN Found Document:RAY v. STITT

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 RAY v. STITT
2023 OK CIV APP 9
527 P.3d 994
Case Number: 120547
Decided: 03/01/2023
Mandate Issued: 03/30/2023
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV

Cite as: 2023 OK CIV APP 9, 527 P.3d 994

 

LANCEY DARNELL RAY, Petitioner/Appellant,
v.
KEVIN STITT, Governor for the State of Oklahoma; TOM BATES, Director for the Oklahoma Pardon and Parole Board, Respondents/Appellees.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE RICHARD C. OGDEN, TRIAL JUDGE

REVERSED AND REMANDED

Lancey Darnell Ray, Granite, Oklahoma, Pro Se

Katie A. Wilmes, ASSISTANT ATTORNEY GENERAL, Oklahoma City, Oklahoma, for Respondents/Appellees[1]

GREGORY C. BLACKWELL, PRESIDING JUDGE:

¶1 Lancey Ray appeals the district court's dismissal of Ray's action, which sought a writ of mandamus directing the respondents to initiate parole hearings for "all nonviolent offenders ... who are within six (6) months of their scheduled release," pursuant to 57 O.S. § 37(A)(1). The matter was dismissed upon the court's decision that Ray was twice directed to serve the respondents "in accordance with law" and did not do so. On review, we find that Ray complied with the court's order as given and reverse the dismissal.

BACKGROUND

¶2 In April 2021, Ray filed a case-initiating motion seeking an alternative writ of mandamus in which he argued that certain inmates were legally entitled to consideration for parole under 57 O.S. § 37(A)(1). That statute requires that, if certain prison occupancy levels are reached, the "Pardon and Parole Board shall consider all nonviolent offenders for parole who are within six (6) months of their scheduled release from a penal facility ...." Ray alleged that the relevant authorities were not following this statute.[2] The motion contains a certificate of mailing in which Ray certifies that the motion was "delivered to the North Fork Correctional Center's legal mail custodian for mail[ing] to" the Oklahoma County Court Clerk but not to any other party.

¶3 In May 2021, the court entered an order requiring Ray to give notice of his motion to the respondents. The order states: "Petitioner shall give Notice of this Motion by serving a copy of the same upon the respondents in accordance with the law. Failure to give notice of petitioner's motion may result in the dismissal of the same." R., Doc. 3, Order Requiring Notice to be Given to Respondent, pg. 1.[3]

¶4 Approximately one month later, Ray responded by stating he had given notice "by delivering copies of [his motion] to the North Fork Correctional law library supervisor ... for mail to counsel of the defendants named therein." R., Doc. 4, Re: Order of the Court in a Civil Action filed by an Inmate, pg. 1.

¶5 Ten months later, on April 6, 2022, the trial court issued an order noting that Ray did not appear to have served the respondents in accordance with the court's May 2021 order. The order stated: "The Plaintiff is Ordered to provide the Defendants/Respondents notice of this action in accordance with State statutes within thirty (30) days of this Order or Plaintiff's case will be dismissed on the thirty-first day following this order." R., Doc. 7, Order, pg. 1 (capitalization modified).

¶6 In response, Ray filed his Notice of Pending Action for an Alternative Writ of Mandamus. R., Doc. 8. In that document, Ray again notes that he believed he had already complied with the district court's prior notice requirement by mailing a copy of the motion to the respondents. Id. at 2 (footnote 2). Additionally, the document is directed "to" each of the defendants, notes the existence of the suit against the defendants, including a caption and case number, and contains a certificate of service in which Ray certifies that a copy of the Notice was mailed to each respondent, as well as the Attorney General. Id. at 1-3.

¶7 On June 1, the district court ordered Ray's case dismissed without prejudice. Ray filed a motion to vacate this decision on June 13, which the court denied. Ray timely appealed the order of dismissal.[4]

STANDARD OF REVIEW

¶8 Our review of an order of dismissal is de novo. Cole v. Bank of America, 2022 OK 96, ¶ 10, 521 P.3d 800, 804. In performing de novo review, "[w]e implement plenary, independent, and non-deferential examination of the rulings below." Id.

ANALYSIS 

¶9 The single question presented is whether Ray's motion was properly dismissed for failure to follow the trial court's order that he notify the respondents "in accordance with State statutes." For the following reasons, we find that the notice provided by Ray satisfied the trial court's demand and that the dismissal was therefore improper.

¶10 Mandamus is an extraordinary equitable remedy controlled by statute. Dale v. City of Yukon, 1980 OK CIV APP 55, ¶ 12, 618 P.2d 954, 958. The procedures are likewise created by statute, and are generally, as follows. An action in mandamus is instituted by the filing of a motion, made upon affidavit, seeking the issuance of a writ. 12 O.S. § 1455; Dale at ¶ 12. Upon the presentation of such a motion, the court has three options. The court may (1) require notice of the motion to be given to the respondents, (2) enter an order to show cause why the writ should not be allowed, or (3) grant the writ without notice. Id. Under the third option, where an alternative writ is granted, the defendant is required either to comply with the writ, or--alternatively--to appear before the court at a specified date and time and show cause why the defendant has not complied. Id. § 1453. If this third option is chosen, the writ, in effect, becomes the petition and summons, which must be served personally upon the defendant. Id. § 1456; Dale, ¶ 14 ("The writ constitutes the initial pleading and further takes the place of a summons when served upon the Defendant."); State ex rel. Whitson v. Bd. of Com'rs, Ellis County, 1917 OK 331, ¶ 3, 166 P. 423 ("The alternative writ takes the place of both the petition and the summons required in an ordinary civil action.").

¶11 Here, we are presented with the question of what form of notice is required or may be ordered when the trial court chooses the first option above. Respondents' interpretation is that such notice necessarily implicates the requirements of 12 O.S. § 2004. See Response to Petition in Error, pg. 3 ("In Oklahoma, before any legal right to relief may attach, a plaintiff must--at a minimum--serve the defendant with a summons and petition."). The trial court's order, while not specifically embracing this proposition, can only be understood to endorse it. For the following reasons, we find it a misinterpretation of law.

¶12 First, this interpretation is contrary to the plain wording of the mandamus statutes and would significantly thwart their purpose. The unique statutory procedure of mandamus makes no mention of how notice, if it is ordered, must be given. And if service of a petition and summons is required before relief can be granted at all, the trial court's option to simply grant the writ is entirely eliminated.

¶13 The statute does not mandate "service," and "notice" and "service" are not synonymous. Rather, 12 O.S. § 1455 affords the trial court unfettered discretion as to the precise method of notice it may require. In this case, the court's final demand required Ray to give "notice of this action in accordance with State statutes." It later dismissed Ray's motion on the grounds that mailing copies of his motion to the respondents via first class mail "does not accomplish service on the Defendants in accordance with State Law."

¶14 The trial court appears to have operated under an interpretation that only one method of service was available to Ray "in accordance with State law"--that provided by 12 O.S. § 2004. That statute would allow service by personal delivery, an option not likely to be available to Ray, or via certified mail (return receipt requested and delivery restricted to the addressee). As Ray "served" only by first class mail, the court apparently found that Ray had failed to follow its order. We agree that if service via § 2004 was required, Ray's notice was plainly insufficient.

¶15 State law, however, also provides for "service" of a "motion" pursuant to 12 O.S. § 2005. Section 2005 applies to all "pleadings subsequent to the original petition" and "every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper ...." As we have previously noted, a filing seeking an alternative writ of mandamus cannot fall under the law governing an "original petition" because § 1455 allows a court to grant a requested writ without any notice to a defendant at all. It is not until the writ is allowed that it must be "served personally upon the defendant." 12 O.S. § 1456. If the filing seeking a writ is not an "original petition," we see no means by which it becomes one simply because a court orders notice to the respondent.

¶16 Section 2005 provides that service of "every written notice" may be accomplished "by mailing it ... to the attorney or the party at the last-known address of the attorney or the party ...." Id. § 2005(B). The currently undisputed record shows that Ray did just this. As such, Ray complied with the court's order to notify the defendants of the action in accordance with state law. The court thereby erred in dismissing Ray's action for want of the ordered notice.[5]

CONCLUSION

¶17 Ray gave notice in accordance with state law and thereby complied with the trial court's order. If the court intended to restrict the form of notice to service pursuant to § 2004, due process required the court to have articulated this restriction. We therefore reverse the court's dismissal of Ray's motion for alternative writ of mandamus and remand for further proceedings consistent with this opinion and the provisions of Chapter 26 of Title 12.

¶18 REVERSED AND REMANDED.

FISCHER, J., and BARNES, V.C.J. (sitting by designation), concur.

FOOTNOTES

[1] Ms. Wilmes also entered an appearance for Keith Reed, Commissioner of Oklahoma State Department of Health, whom Ray sought to add as an involuntary plaintiff below. The district court took no action on Ray's request prior to dismissal and Commissioner Reed, therefore, is not a party to this appeal. The caption has been corrected.

[2] To be personally eligible, Ray would have to have been within six months of scheduled release at the time the motion was filed. He was still apparently incarcerated in June 2022, however. If Ray himself is not eligible for consideration under this statute, a question remains on remand as to his standing to seek mandamus on behalf of others. See Indep. Sch. Dist. # 52 of Oklahoma Cnty. v. Hofmeister, 2020 OK 56, ¶ 72, 473 P.3d 475, 505. Other questions, such as whether intervening events have mooted Ray's initial request, remain available to the respondents on remand.

[3] That same day the district court entered an order requiring certain filing fees to be paid. Those fees were paid, and that issue is not present in this appeal.

[4] Ray also attached a certified copy of the order denying his motion to vacate to his petition in error. However, he listed only the order of June 1, 2022--the date of the dismissal order--as the "[o]rder appealed." Petition in error, pg. 1. Whether he appealed just the order of dismissal or also the order denying his motion to vacate makes no meaningful difference here. See Reeds v. Walker, 2006 OK 43, ¶ 9, 157 P.3d 100, 107 ("Where ... our assessment of the trial court's exercise of discretion in denying defendants a new trial rests on the propriety of the underlying grant of summary judgment, the abuse-of-discretion question is settled by our de novo review of the summary adjudication's correctness.").

[5] Ray further argued in his motion to vacate that he could not comply with the court's order because he was legally prevented from "serving" anyone with a petition or motion by 12 O.S. § 2004(C)(7)--"[n]o prisoner in any jail, Department of Corrections facility, private prison, or parolee or probationer under supervision of the Department of Corrections shall be appointed by any court to serve process on any defendant, party or witness." Section 2004(C)(7), however, prevents a court from appointing a prisoner to make personal service on anyone. We see no indication that it prevents a prisoner from making use of any standard method of service available to a non-prisoner to provide notice to another party.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
1980 OK CIV APP 55, 618 P.2d 954, 
Dale v. City of Yukon
Discussed

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1917 OK 331, 166 P. 423, 65 Okla. 273, 
STATE ex rel. WHITSON et al. v. BOARD OF COM'RS OF ELLIS COUNTY.
Discussed

 
2006 OK 43, 157 P.3d 100, 
REEDS v. WALKER
Discussed

 
2020 OK 56, 473 P.3d 475, 
INDEPENDENT SCHOOL DISTRICT # 52 v. HOFMEISTER
Discussed

 
2022 OK 96, 521 P.3d 800, 
COLE v. BANK OF AMERICA
Discussed

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 1455, 
Motion - Notice to Adverse Party - Order to Show Cause
Discussed

 
12 O.S. 1456, 
Allowance of Writ - Service - Neglect to Return
Cited

 
12 O.S. 2004, 
Process
Discussed at Length

 
12 O.S. 2005, 
Service and Filing of Pleadings and Other Papers
Cited

Title 57. Prisons and Reformatories

 
Cite
Name
Level

 
57 O.S. 37, 
Facilities Reaching Maximum Capacity - Transfer - Receipt of Judgment and Sentence
Discussed

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA